Rabinowitz Unemployment Compensation Case.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Michael C. Rainone* submitted a brief for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

In this unemployment compensation case the bureau held claimant ineligible for unemployment compensation benefits because he had voluntarily left his work without good cause under section 402 (b) of the Unemployment Compensation Law of 1936, as amended by the Act of August 24, 1953, P. L. 1397, §4, 43 PS §802 (b). The claimant appealed and a hearing was held before a referee in the State of New Jersey, where

claimant resides. His testimony was offered in evidence at a subsequent hearing before a referee in Pennsylvania. Such referee affirmed the bureau's disallowance of benefits. The claimant then appealed to the Board of Review, which held a further hearing. The Board affirmed the referee's decision but modified it by changing the disqualification from section 402 (b) to section 401 (d) of the Law. Section 401 (d) of the Unemployment Compensation Law of 1936, as amended, 43 PS §801 (d), requires as a qualification for the securing of compensation that the employe "(d) Is able to work and available for suitable work; . . ."

Claimant resides in Lakewood, New Jersey. He was last employed, from June 2, 1952, until January 12, 1954, by Kaiser Metal Products, Inc., Bristol, Pennsylvania. Bristol is approximately fifty-five miles from claimant's home in Lakewood. When working, claimant usually commuted in the automobile of a fellow workman, as claimant did not drive an automobile.

Claimant was employed as a subforeman in charge of a repair crew. This work frequently made it necessary for him "to creep and crawl through small spaces." In the fall of 1953 he began to suffer from sciatica and arthritis. The increasing severity of this condition finally made it impossible for him to perform his duties, and, on October 17, 1953, he was placed on sick leave by the company. Although he subsequently recovered to the extent that he was able to do light work, as of the times of the hearings the condition of his health was still such as to make impossible the performance of the regular work in which he had been employed. Assuming that light work was available with the same employer, he was unable to obtain daily transportation to Bristol because the

workman with whom he formerly rode to work had been transferred to a different shift. Public transportation facilities between Lakewood and Bristol appear impractical for daily commuting. On January 12, 1954, therefore, claimant wrote to his employer and resigned from his employment.

When filing application for benefits, claimant certified that he was unemployed because of "Poor transportation." At the referee's hearing in Pennsylvania, the personnel manager for the employer testified that claimant "voluntarily resigned without giving a reason." The Board of Review found, however, after further hearing, that claimant's health prevented him from continuing work with his former employer, and that thus he had good and compelling cause for terminating his employment relationship.

The Board also found that, although claimant was able to perform light work, such work is not available in the vicinity of his home, and that he has no means of transportation to any other area. The Board therefore concluded as follows: "The opportunity for utilizing claimant's services in his locale does not exist and under the circumstances claimant cannot be said to be attached to the labor market. We therefore conclude claimant is unavailable for work and is ineligible under section 401 (d) of the law."

The Board's decision, from which claimant has filed this appeal, must be affirmed.

In *Labenski Unemployment Compensation Case,* 171 Pa. Superior Ct. 325, 332, 90 A. 2d 331, 335, we stated: "Unemployment compensation legislation affords economic protection for men and women who are able, willing, and available for work. . . . It is humanitarian legislation but its benefits accrue only to those who can and do humanity's work. It does not cover

the physically and mentally ill, or other groups of un-employables."

Availability for work requires that a claimant be actually and currently attached to the labor force. Under section 401 (d) of the Law it is sufficient if a claimant is able to do some type of work and there is reasonable opportunity for securing such work in the vicinity in which he lives. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 560, 45 A. 2d 898; *Quiggle Unemployment Compensation Case,* 172 Pa. Superior Ct. 430, 435, 94 A. 2d 367. By the claimant's own testimony it has been established that no such reasonable opportunity exists in and about his home vicinity for employment of a type which he is able to perform; and further that there are no transportation facilities to a place where such opportunities are present. Claimant testified: "Q. Are there any job opportunities in that vicinity [Lakewood]? A. Definitely not. . . . I can't look out of town because I don't have any means of transportation."

The factual situation in the present case closely resembles that presented in *Shellhammer Unemployment Compensation Case,* 162 Pa. Superior Ct. 327, 57 A. 2d 439. There the claimant resided in Avonmore, Pennsylvania, and worked in Greensburg, Pennsylvania, which was twenty-two miles from her home. She traveled to and from work by car with other persons or to a point where a bus could be obtained. After being absent from work for a month because of illness, she did not return to work because of lack of transportation. The Board found that no employment opportunities existed in Avonmore and no public transportation facilities were available therefrom. In affirming the decision disallowing benefits, we said (page 329 of 162 Pa. Superior Ct., page 441 of 57 A.

2d) : "In Teicher Unemployment Case, 154. Pa. Superior Ct. 250, 35 A. 2d 739, the claimant left her employment in New York and moved to an army post in Louisiana. Compensation was denied on a finding that claimant was living at an·army post where there were no employment opportunities and was thereby removed from the labor market. .In this case, the claimant has not detached herself from the labor market by removing to another locality as in the *Teicher* case, but nevertheless, by her own testimony, she *is* detached from it; not only because there are no employment opportunities where she resides, but in addition there are no transportation facilities to a place where employment opportunities exist. Consequently, she does not meet the availability requirement of the Act." That conclusion is equally applicable to the present case.

Decision is affirmed.