## Barron Unemployment Compensation Case.

Argued April 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Anna M. Barron,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., June 15, 1960:

In this unemployment compensation case, the Board of Review found that the 68 year old claimant limited her availability to an employment in which her earnings would be limited to $1200 per year, and refused her compensation.

The evidence supports this finding. The claimant was employed by a bank, but because she was receiving social security, she quit rather than have her wages exceed the $1200 per year allowed her before her social security payments would be reduced.

The board concluded that she did not meet the requirements of section 401(d) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §801(d), which requires as a qualification for securing compensation that the claimant be "able to work and available for suitable work".

In the *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 542, 79 A. 2d 802 (1951), this Court stated that ". . . one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board." See also *Bernotas Unemployment Compensation Case,* 175 Pa. Superior Ct. 437, 439, 106 A. 2d 638 (1954) and *Stratton Unemployment Compensation Case,* 179 Pa. Superior Ct. 597, 600, 117 A. 2d 807 (1955).

Availability for work requires that a claimant should actually and currently be attached to the labor force. *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 239, 110 A. 2d 792 (1955).

Here, the record is abundantly clear that the appellant terminated her employment because she did not want to work on a full time basis.

As the claimant desired only such employment as would limit her wages to $1200 per year, the board properly concluded that she was not available for suitable work and was, therefore, ineligible for compensation under §401(d) of the Unemployment Compensation Law, supra.

Affirmed.