## Stanley Unemployment Compensation Case.

Argued September 13, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Benjamin L. Long,* with him *Roger G. White,* and *William F. Quinlan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., November 16, 1960:

In this unemployment compensation case the claimant-appellant, Howard E. Stanley, was denied benefits on the ground that he was disqualified under the provisions of Section 401(d) of the Unemployment Compensation Law of 1936, as amended, 43 PS §801(d) in that he was unavailable for suitable work. The Bureau of Employment Security had disqualified him under §402(d) of the law but the referee changed this finding to a violation of §401(d), supra, which was affirmed by the Unemployment Compensation Board of Review.

The claimant is 68 years of age and is receiving social security. He was last employed as a tractor trailer driver by the Ewell Service, East Earl, Pennsylvania, as of September 13, 1958. He has not worked since that date and did receive one full year of unemployment compensation benefits.

The record discloses that he limited his employment to earnings up to $1200 so as to comply with social security requirements. At a remand hearing he changed his testimony and indicated he would accept employment without limitation. His credibility was for the compensation authorities. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400,

116 A. 2d 271 (1955). The finding of the referee that he was "not willing to forego his social security benefits, in order to accept full time employment", is supported by competent evidence and is binding on this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452 (1958).

We have held that, ". . . one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board." *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 542, 79 A. 2d 802 (1951).

Availability for work requires that a claimant should actually and currently be attached to the labor market. *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 239, 110 A. 2d 792 (1955), and availability for employment limited to wages of $1200 per year so restricted his employability as to render him unavailable for suitable work and generally detached him from the labor market. *Barron Unemployment Compensation Case,* 192 Pa. Superior Ct. 353, 161 A. 2d 630 (1960).

Decision affirmed.