Dancho Unemployment Compensation Case.

Argued November 17, 1960.   Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1960:

In this unemployment compensation case the claimant, who was last employed as a chambermaid on a boat, on the advice of her employer's physician, terminated her employment because of her pregnant condition. She applied for disability benefits under her employer's health and accident insurance plan and indicated that her total disability commenced prior to the time of the claim weeks at issue, which were for the weeks ending February 15 and 22, 1959. Her statement of total disability was corroborated by her personal physician. As a result of her application she received disability benefits for six weeks at $42.00 per week from January 16 through March 5, 1959. The bureau denied benefits on the ground that she failed to meet the availability requirements of §401(d) of the law, 43 PS §801(d). The referee reversed the bureau and allowed benefits. The board reversed the referee and denied benefits.

Section 401(d) of the Unemployment Compensation Law, 43 PS §801(d), requires as a qualification for the securing of compensation that the employee be "able to work and available for suitable work. . . ."

The basic purpose of the statutory requirement of availability "is to establish that a claimant is actually and currently attached to the labor force. . . ." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 560, 45 A. 2d 898; *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792. By registering for work a claimant makes out a prima facie case of availability, which is, however, rebuttable by countervailing evidence: *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412, 101 A. 2d 421. As Judge RENO stated in the *Sturdevant* case, supra, at page 559: "In many, probably in most, instances, the same cause that justifies

an employe in leaving an employment will also prevent him from working, and disqualify him from receiving benefits." See also *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525; *Muller Unemployment Compensation Case,* 170 Pa. Superior Ct. 52, 84 A. 2d 257.

In *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 116 A. 2d 92, the claimant gave up his position as a bus driver because he suffered from an arthritic condition requiring him to wear a brace, which condition made him too nervous to continue this type of work. His physician advised him that his condition would remain and that he should take it easy. In speaking for the Court, Judge GUN-THER stated: "The illness of a claimant may constitute a valid personal reason and good cause for leaving his employment within the meaning of Section 402(b) of the Unemployment Compensation Law. However, to be entitled to benefits, claimant must meet the requirements of §401(d), in that claimant must be 'able to work and available for suitable work.'"

It was highly inconsistent for the claimant to claim that she was totally disabled during the claim weeks at issue in order to receive disability benefits from the employer's insurance carrier and, at the same time, contend she meets the availability requirements of the Unemployment Compensation Law. There was ample evidence to sustain the board's findings and no error of law was committed.

Decision affirmed.