## Belsey Unemployment Compensation Case.

Argued December 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harry R. Back,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., January 16, 1962:

In this unemployment compensation case the bureau, referee and the board all concluded that the claimant was not attached to the labor market and was therefore disqualified from receiving benefits under Section 401(d) of the Unemployment Compensation Law, 43 P.S. §801(d).

The claimant was last employed by the Curtis Publishing Company, Philadelphia. He was involuntarily retired by that company on December 30, 1960. On September 29, 1960, the claimant became sixty-five years of age and began receiving Social Security benefits in the sum of $120 per month.

On February 15, 1961, claimant completed his unemployment compensation forms. He indicated on these forms that he was not available for work where his annual earnings would exceed $1200. This amount is the maximum the claimant could earn and still collect Social Security benefits.

Section 401(d) of the Unemployment Compensation Law, supra, provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who—(d) Is able to work and available for suitable work: . . ."

The claimant removed the restrictions limiting his earnings on June 1, 1961, but this appeal involves the compensable weeks prior to that date, and is governed by the *Barron Unemployment Compensation Case,* 192

Pa. Superior Ct. 353, 161 A. 2d 630 (1960). In that case, at page 355, this Court said: "As the claimant desired only such employment as would limit her wages to $1200 per year, the board properly concluded that she was not available for suitable work and was, therefore, ineligible for compensation under §401(d) of the Unemployment Compensation Law, supra."

Decision affirmed.