## White Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alan J. White,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 12, 1962:

This unemployment compensation case involves an application for benefits for the week ending March 11, 1961. The bureau, the referee and the board all concluded that the appellant was not entitled to receive benefits because he failed to meet the requirements of §§401(b), 401(d) and 4(w)(1) of the Unemployment Compensation Law, and Bureau Regulations, 103, 104 and 105.

The appellant was last employed as an attorney with Freedman, Landy & Lorry, Philadelphia, Pennsylvania, on February 25, 1961, on which date he had a valid separation from his employment. The next day, Sunday, February 26, 1961, appellant left for Washington, D.C. and sought employment in that city on Monday, February 27, Tuesday, February 28, and Wednesday, March 1. He returned to Philadelphia late in the evening of March 1 and remained in Philadelphia "resting" from Wednesday evening, March 1, until Tuesday, March 7, when he went back to Wash-

ington, D.C. On Wednesday, March 8, Thursday, March 9, and Friday, March 10, he again looked for employment in Washington, D.C. He returned to Philadelphia late in the evening of Friday, March 10, 1961, after having received reasonable assurance of obtaining employment in Washington, D.C. On Monday, March 13, 1961, he first reported to the office of the Bureau of Employment Security in Germantown to apply for benefits. At this time he was informed that due to his social security number ending in a "5" and his work background as a lawyer, he should report to the professional and clerical office in downtown Philadelphia on Wednesday, March 15, 1961. On the latter date the appellant did report to the downtown office and filed his application for benefits, seeking credit for a waiting week ending March 4, 1961 and a compensable week ending March 11, 1961. This the bureau refused to do but permitted the back-dating of his application for benefits from Wednesday, March 15, to March 9, 1961, under Bureau Regulation 103.

Section 401(b) of the Unemployment Compensation Law, 43 PS §801 (b), provides as follows: "Compensation shall be payable to any employe who is or becomes unemployed, and who—. . . .

"(b) Has registered for work at, and thereafter continued to report at, an employment office in accordance with such regulations as the secretary may prescribe, except that the secretary may by regulation waive or alter either or both of the requirements of this clause as to individuals attached to regular jobs and as to such other types of cases or situation with respect to which he finds that compliance with such requirements would be oppressive or would be inconsistent with the purposes of this act: Provided, however, That no such regulation shall conflict with section four hundred and one (c) of this act:".

The basic purpose of the statutory requirement of availability "is to establish that a claimant is actually and currently attached to the labor force. . . ." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 560, 45 A. 2d 898; *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792. By registering for work a claimant makes out a prima facie case of availability, which is, however, rebuttable by countervailing evidence: *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412, 101 A. 2d 421; *Dancho Unemployment Compensation Case,* 194 Pa. Superior Ct. 218, 166 A. 2d 81.

Appellant argues that since he immediately went to Washington, D.C. and sought employment as an attorney in a region where many attorneys are employed and subsequently obtained such employment, he should not be denied compensation for the period in question because he in good faith sought to end his unemployment and probably did a better job in seeking re-employment than would have been done by the bureau had he registered. This argument assumes that the appellant was in Washington until March 13 and therefore could not have registered with the bureau. This assumption is in error. While the appellant did go to Washington on February 26 and actively sought employment for the next three days, it is a fact that he returned to Philadelphia late in the evening of Wednesday, March 1, and remained in Philadelphia "resting" from then until Tuesday, March 7, when he returned to Washington. There was nothing to prevent the appellant from going to the local office of the bureau in Germantown or the downtown Philadelphia office of the bureau on Thursday, March 2, or Friday, March 3, or Monday, March 6, or Tuesday, March 7. Furthermore, the appellant could have gone to the proper office in Washington, D.C. and registered for work and credit would have been permitted by the Pennsylvania

bureau. Because of the great number of applications to the bureau by claimants it would be impracticable for the bureau to permit any variation in the provisions of the act which require registration as one of the requirements to secure unemployment compensation.

By failing to report to an employment office while seeking employment outside his labor market area, the appellant was properly deemed to be unavailable within the meaning of §401(d) of the Unemployment Compensation Law, 43 PS §801(d).

Under §401(c) of the Unemployment Compensation Law a claimant is required to make a valid application for benefits in the proper manner and on the form prescribed by the department.

Section 4(w)(1) of the Unemployment Compensation Law, 43 PS §753(w)(1), provides as follows: "A 'Valid Application for Benefits' means an application for benefits on a form prescribed by the department, which is filed by an individual, as of a day not included in the benefit year previously established by such individual, who (1) has been separated from his work or who during the week commencing on such day has worked less than his full time due to lack of work and has earned less than the maximum weekly benefit amount plus the maximum partial benefit credit and (2) is qualified under the provisions of section four hundred and one (a), (b) and (d)."

Decision affirmed.