MARY MARTIN vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & others.

Bristol.   February 4, 1964. — April 6, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Employment Security*, Procedure: review by District Court, findings by
board of review; Voluntary unemployment.   *District Court*, Review re-
specting employment security.

Upon a review by a District Court under G. L. c. 151A, § 42; c. 30A,
§ 14 (8), of a decision of the board of review in the division of employ-
ment security, the findings of the board must stand if they are sup-
ported by substantial evidence.   [268]

Where a finding by the board of review in the division of employment
security that the claimant left her work "to take care of domestic duties"
was supported by substantial evidence, justifying a decision by the
board that the claimant had left voluntarily without good cause and was
disqualified from receiving unemployment benefits for a certain period
under G. L. c. 151A, § 25 (e) (1), it was not open to the judge of a
District Court on review under § 42 to find a different reason for the
employee's leaving her work, not disqualifying her, and to set aside the
board's decision, even though there was evidence of the other reason
before the board.   [268–269]

PETITION filed in the Third District Court of Bristol on
January 7, 1963, for review of a decision of the board of
review in the division of employment security.

The case was heard by *Horrocks, J.*

*Joseph S. Ayoub,* Assistant Attorney General (*Frederick
A. Harkins* with him), for the Director of the Division of
Employment Security.

No argument or brief for the claimant.

SPIEGEL, J.   This is an appeal under G. L. c. 151A, § 42
(as amended through St. 1954, c. 681, § 12), by the director
of the division of employment security from a decision of
the District Court which "set aside" the decision of the
division's board of review denying unemployment benefits
to the claimant.

The record reveals the following. On September 13, 1962, the claimant filed a claim for benefits. In her "statement of facts" she said that she had left her job as a stitcher at Gem Sportswear, Inc. (Gem), on August 29, 1962, because it was a "night job" and she "wanted to work days." She also stated that on September 6, 1962, she had been hired by Lissak & Company (Lissak) as a full time employee to work days and that on September 12, 1962, she had been temporarily laid off because of a change-over of styles. The director determined that under G. L. c. 151A, § 25,[1] the claimant was disqualified from receiving benefits for the ten weeks ending November 10, 1962. The claimant then sought review by the board of review of the decision of the director. She stated in her application for review: "I believe I was justified in leaving the job [with Gem] because I would be able to make more money on a full-time day job."

On November 21, 1962, there was a hearing before a review examiner. At the hearing, the claimant averred that she had left Gem because of "an agreement with the man when I went to apply for the job that it would be just for four weeks." When asked to explain a delay between leaving Gem and starting at Lissak, the claimant said, "I stayed home one week to get the children ready for school." She also assigned as a reason for leaving Gem "a nervous condition that I have been nursing since last December" and

---

[1] "No waiting period shall be allowed and no benefits shall be paid to an individual under this chapter for . . . (e) [as appearing in St. 1958, c. 677] A period of four to ten weeks, as the director shall determine, after the effective date of his claim if an individual has left his work (1) voluntarily without good cause, (2) by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest, or (3) because of conviction of a felony or misdemeanor; provided, however, that if the individual had new work subsequent to such leaving, the number of weeks determined by the director as the period during which no waiting period shall be allowed and no benefits paid shall be reduced by the number of weeks of such new work. No disqualification shall be imposed, if such individual establishes to the satisfaction of the director that he left his employment in good faith to accept new employment on a permanent full-time basis, and that he became separated from such new employment for good cause attributable to the new employing unit. An individual shall not be disqualified under the provisions of this subsection from receiving benefits by reason of leaving his work under the terms of a pension program requiring retirement from employment, notwithstanding his prior assent, direct or indirect, to the establishment of such pension program."

presented a letter from her physician.[2]   Finally, when
asked, "Now, why did you leave [Gem]?" she answered,
"For the simple fact of still being a seamstress on dresses,
and I preferred to do something else outside of that in-
dustry."

The review examiner, affirming the director's decision,
stated: "The claimant has successively advanced a number
of reasons for leaving her work with Gem . . . .   At her
hearing on November 21, 1962, the claimant advanced two
more reasons: that stitching garments made her nervous
and that she preferred to engage in some other type of work
in which she then had had no experience.   She has pre-
sented a letter dated November 19, 1962, from her physician
which at first glance seems to support this contention.
Closer reading of this letter shows that all of the physi-
cian's advice is based upon the claimant's alleged symptoms
and her opinions as to their cause.   It is found that the im-
mediate cause of the claimant's separation from the above
employer was to take care of domestic duties; that this is
not good cause for voluntarily leaving work within the . . .
provision of the statute [G. L. c. 151A, § 25 (e) (1)]."

The board of review denied the claimant's request for
further hearing,[3] whereupon she petitioned for review by

---

[2]                                      November 19, 1962.
Re:  Mrs. Mary Martin
        74 Pembroke Ave.
        Acushnet, Mass.

To Whom it May Concern:

The above patient was seen by me on August 4th, 1962 complaining of
nervousness, fatigue, tension and general run down feeling.   She felt that this
was due to the type of work she was doing in the Garment Industry where there
was considerable tension at all times.   On this basis I advised her to remain
out of work for six weeks and gave her a note requesting leave of absence for
that period.

In September she obtained employment in a Shoe Factory and found that
she could tolerate this type of work with no undue nervousness or tension.
Because of this fact I have advised her to continue her work in the Shoe Fac-
tory rather than returning to the Garment Industry which seems to cause her
undue tension, anxiety and nervousness.

                                              Very truly yours,
                                              [signed] F. D. Berry, M.D."

[3] Pursuant to G. L. c. 151A, § 41, the review examiner's decision became the
final decision of the board of review.   See Bogdanowicz v. Director of the Div.
of Employment Security, 341 Mass. 331, 332.

the District Court pursuant to G. L. c. 151A, § 42. The District Court judge made a ''finding,'' which in relevant part reads as follows: ''In reviewing the facts as set forth in the hearing of the Review Examiner on November 21, 1962, it would appear that the . . . [claimant] did voluntarily leave her employment at Gem . . . at the end of August because it was causing her too much nervous strain and also because she wanted to establish her 4 children back in school. The report also reveals . . . that at the time she voluntarily left Gem . . . she had a promise of a job at Lissak's, a shoe factory, where she in fact started the following week. The report and the medical evidence of Dr. Berry indicates that she could no longer do stitching but could and did in fact do the work at Lissak's with no physical strain. The report also indicates that she was laid off at Lissak's after a week and a half because they wanted to change styles, and it appears she has not been offered or had an opportunity to get that kind of a job since. The Review Examiner seems to base his decision on her leaving Gem . . . when, in fact, there appears to be no reason why it cannot be considered that she was laid off by Lissak's. With regard to her refusal to take stitching work offered her, I feel she has a right, if it affects her health, to expect that she be furnished work similar to that done at Lissak's which she can do physically. I find that the Board has failed to consider the . . . [claimant's] statement that she had this employment at Lissak's promised to her when she quit her work at Gem . . . . I find that Chapter 151A, § 25, paragraph E covers this type of situation and stipulates that such a person shall not be disqualified. I find the Board has been prejudicial under Chapter 30A, § 14, paragraph 8, clauses E and G. [See footnote 4.] I find the . . . [claimant] is entitled to benefits without a waiting period and the decision of the Board is set aside.''

We infer from the foregoing that the District Court ''found'' the decision of the review examiner ''unsupported by substantial evidence'' and ''arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with

law."[4] We are unable to determine the reasons for such a "finding." One implication is that the District Court believed the review examiner was in error in failing to find that a cause of the claimant's leaving Gem was "too much nervous strain." Still another implication is that the examiner was obligated to find as fact that the claimant left Gem in order to accept employment at Lissak, that she was thereafter laid off by Lissak, and that under such a finding the claimant was entitled to immediate benefits as matter of law.

The scope of review in the District Court under G. L. c. 30A, § 14 (8), of the findings of fact and decision of the board of review has been stated by this court. "Since the examiner's findings, adopted by the review board, were supported by substantial evidence and his conclusions were not based on any error of law, the board's decision should have been affirmed by the District Court." *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331, 335. See *Wagstaff* v. *Director of the Div. of Employment Security,* 322 Mass. 664, 667, wherein it was said: "It is the board which has been made the sole judge of credibility and the weight of the evidence. If the findings are . . . supported [by evidence], it is not open to the District Court or to this court to substitute other views as to what should be the determination on the facts." See also *Farrar* v. *Director of the Div. of Employment Security,* 324 Mass. 45, 50–51; *Weiner* v. *Director of the Div. of Employment Security,* 327 Mass. 360, 363; *Sinclair* v. *Director of the Div. of Employment Security,* 331 Mass. 101, 102.

In the instant case the review examiner's finding that the claimant left her employment at Gem "to take care of domestic duties" is supported by evidence. The claimant by

---

[4] General Laws c. 30A, § 14 (8) (e) and (g), reads in part as follows: "The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is . . . (e) Unsupported by substantial evidence; or . . . (g) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

her own admission had arranged to work for Gem for only four weeks and actually left on her own accord after three and one-half weeks of work. She admittedly desired to utilize the week between the job at Gem and the job at Lissak to get her children ready for school. It is true that the claimant gave other reasons for her actions, some of which if believed may have entitled her to benefits without a waiting period, but the review examiner was not obliged to believe her or to make findings in her favor. *Bogdanowicz* v. *Director of the Div. of Employment Security, supra,* 334. It is not open to the District Court to accept as credible the testimony of the claimant and thus contravene the finding of the review board.

We see no basis on which the District Court could have concluded that the decision of the board was "arbitrary or capricious" or otherwise unlawful under G. L. c. 30A, § 14 (8) (g).

It follows that the decision of the District Court is reversed and a decision is to be entered affirming the decision of the board of review.

*So ordered.*