ELLEN E. KEOUGH *vs.* DIRECTOR OF THE DIVISION
OF EMPLOYMENT SECURITY.

Middlesex.    February 5, 1976. — March 24, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& WILKINS, JJ.

*Employment Security,* Eligibility for benefits, Review by District Court.
*Constitutional Law,* Equal protection of laws. *Words,* "Available for
work."

Substantial evidence supported findings by a review examiner in the
Division of Employment Security and by the board of review that
a spinner, who had placed "a restriction on her employability,"
namely, that her acceptance of any work not within walking distance
of her home depended on whether transportation arrangements
could be made, in the circumstances was not "available for work"
under G. L. c. 151A, § 24 (*b*), and was not entitled to unemployment
benefits. [3-5] QUIRICO, J., dissenting.
Classification of a person unable to transport herself to work as "un-
available for work" under G. L. c. 151A, § 24 (*b*), and ineligible for
unemployment benefits did not deny her equal protection of the
laws. [5-6]

PETITION filed in the District Court of Marlborough on
February 11, 1975, for review of a decision of the board

1

of review in the Division of Employment Security.

The case was heard by *Dewey, J.*

*Argeo P. Cellucci* for the plaintiff.

*Timothy J. Lane,* Assistant Attorney General (*Joseph S. Ayoub,* Assistant Attorney General, with him) for the defendant.

REARDON, J.    Ellen E. Keough worked as a spinner for a firm in Hudson, Massachusetts, from August, 1971, to March 1, 1974, when she became separated from employment. She filed a claim for unemployment compensation on March 4, 1974. She was disqualified pursuant to a decision of the Director of the Division of Employment Security, which decision was affirmed by a review examiner. The decision was predicated on the fact that she had placed "a restriction on her employability, namely, that her acceptance of any work not within walking distance of her home, depended on whether transportation arrangements could be made," and he found her not to meet the eligibility requirements of G. L. c. 151A, § 24 (*b*).[1] On January 23, 1975, the board of review upheld the decision of the review examiner, and the case then proceeded to the District Court of Marlborough for review under the provisions of G. L. c. 151A, § 42. There a District Court judge affirmed the decision of the board of review and, on Mrs. Keough's claim of appeal, reported the case under § 42 to this court for determination. The challenge by the claimant here is to the director's interpretation of G. L. c. 151A, § 24 (*b*), defining eligibility for benefits. The claimant also alleged a violation of her right to equal protection under the law.

It appears that the claimant and her husband have one car which the husband uses to commute to work. Public transportation in the area where they reside is "meager,"

_____

[1] The *availability requirements of § 24, as amended through St. 1951, c. 763, § 8, are set out as follows:* "An individual, in order to be eligible for benefits under this chapter, shall . . . (b) Be capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted . . . ."

and the claimant does not have the use of a motor vehicle on a daily basis. She had evinced her willingness to accept full time employment day or night on the basis that she has transportation. In effect she has restricted her acceptance of work not within walking distance of her home to employment where transportation arrangements could be made.

There was no error. Review in the District Court of decisions of the Division of Employment Security board of review is governed by G. L. c. 151A, § 42, as appearing in St. 1973, c. 1114, § 18, which provides in part that the "findings and decisions of the board shall be reviewed in accordance with the standards for review provided in paragraph (7) of section fourteen of chapter thirty A." Under G. L. c. 30A, § 14 (7), as appearing in St. 1973, c. 1114, § 3, the decision of the board may be set aside or modified if the court determines that substantial rights of any party have been prejudiced because, among other reasons, the decision violated constitutional provisions, was based on an error of law, or was unsupported by substantial evidence. Substantial evidence is defined in c. 30A, § 1 (6), inserted by St. 1954, c. 681, § 1, as "such evidence as a reasonable mind might accept as adequate to support a conclusion." We have had occasion in a series of cases to make it clear that findings of the review examiner, adopted by the board of review, supported by substantial evidence with conclusions not based on any error of law, should be affirmed by the District Court. *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331, 335 (1960). See *Martin* v. *Director of the Div. of Employment Security,* 347 Mass. 264, 268 (1964), and cases cited. We have further stated that where the board is the sole judge of credibility and the weight of evidence, and where its findings are supported by evidence, it is not open to a District Court judge or to this court to substitute other views as to what should be the determination of the facts. *Wagstaff* v. *Director of the Div. of Employment Security,* 322 Mass. 664, 667 (1948). See *Olechnicky* v. *Director of the Div. of Employment Security,* 325 Mass. 660, 662 (1950).

To the extent that this case presents a question of law, namely, whether a person can be deemed unavailable for work and thus ineligible for unemployment benefits due to a lack of transportation, we answer in the affirmative. The Commonwealth contends, correctly in our view, that "[a]vailability places the responsibility of getting to work upon the claimant."[2] Other jurisdictions considering this question under analogous provisions of their own unemployment compensation laws have come to similar conclusions. See, e.g., *Mohler* v. *Department of Labor,* 409 Ill. 79, 84-85 (1951); *Moya* v. *Employment Security Comm'n,* 80 N.M. 39, 40 (1969); *Kontner* v. *Unemployment Compensation Bd. of Review,* 148 Ohio St. 614, 620-621 (1947); *Copeland* v. *Oklahoma Employment Security Comm'n,* 197 Okla. 429, 432 (1946); *Rabinowitz Unemployment Compensation Case,* 177 Pa. Super. 236, 239-240 (1955); *In re Barcomb,* 132 Vt. 225, 231 (1974).

The question then arises whether in the circumstances of this particular case the claimant, by making her acceptance of work dependent on whether transportation can be arranged, has so restricted her employability as to remove herself from the labor force and render herself not "available for work" within the meaning of G. L. c. 151A, § 24 (*b*). This is primarily a question of fact that has been entrusted to the informed judgment of the board. See *Farrar* v. *Director of the Div. of Employment Security,* 324 Mass. 45, 50 (1949). In reviewing decisions of the board the courts of this Commonwealth are directed to "give due weight to the experience, technical competence, and specialized knowledge of the ... [board], as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7). Based on the record in this case it could be found that the claimant had effectively made herself

---

[2] See Freeman, Able to Work and Available for Work, 55 Yale L.J. 123, 131 (1945). "Even conditions beyond claimant's control may affect his availability. Thus, where there is no suitable work for claimant in the locality in which he lives, and he cannot reach his usual labor market area because of his inability to obtain transportation, he may properly be considered to be unavailable for work."

unavailable for work. Applying the appropriate standards of appellate review outlined above, we cannot say in this case that the review examiner and the board of review erred in finding that the claimant did not meet the requirements for benefits under G. L. c. 151A, § 24 (*b*), or that their conclusions were not supported by substantial evidence.

*Raytheon Co.* v. *Director of the Div. of Employment Security*, 364 Mass. 593 (1974), a case the claimant relies on heavily, is not to the contrary. In the *Raytheon* case, the claimant left a job on the night shift when a co-worker who had been providing her with transportation was laid off. The claimant sought but was unable to obtain work on other shifts. The issue presented was whether she left work "voluntarily" so as to subject her to temporary disqualification under G. L. c. 151A, § 25 (*e*), as amended through St. 1973, c. 899, § 2. A review examiner decided that under the facts of that case her leaving was involuntary and that she was not disqualified; the board of review agreed. The *Raytheon* case does not compel a conclusion favorable to the present claimant. First, in *Raytheon* the court affirmed a decision of the board of review, applying the same standard of review as we do in the present case. Furthermore, *Raytheon* was concerned with a different section of c. 151A, and was construing a different statutory requirement. Whether a person has left work "voluntarily" (§ 25 [*e*] [1]), and whether she is "available for work" once unemployed (§ 24 [*b*]), are not identical questions. It is possible a person could leave a job for involuntary reasons and yet not be "available for work," e.g., on account of illness. In *Raytheon*, the question of the claimant's availability for work under § 24 (*b*) was not at issue and was not addressed by the court.

Finally, we see nothing in the argument of the claimant that she has been denied equal protection. In the area of economics and social welfare, State classifications need not be perfect so long as they have some rational basis reasonably related to the purposes of the statutory program. *Dandridge* v. *Williams*, 397 U.S. 471, 485 (1970). See

*Geduldig* v. *Aiello,* 417 U.S. 484, 495 (1974). Unemployment compensation is not a social welfare program based on need but is specifically directed toward a class of unemployed persons who have been and continue to be attached to the labor force. "Unemployment benefits are not for those who are incapable of working." *Rivers* v. *Director of the Div. of Employment Security,* 323 Mass. 339, 342 (1948). See *Corrado* v. *Director of the Div. of Employment Security,* 325 Mass. 711, 713 (1950). Cf. *California Dep't of Human Resources Dev.* v. *Java,* 402 U.S. 121, 130-131 (1971). Compare *Romero* v. *Hodgson,* 319 F. Supp. 1201 (N.D. Cal. 1970), aff'd 403 U.S. 901 (1971), with *United States Dep't of Agriculture* v. *Moreno,* 413 U.S. 528 (1973). Under this type of program, availability for work is clearly a valid condition on eligibility for benefits, and the classification of a person unable to transport herself to employment opportunities as "unavailable for work" cannot be considered arbitrary, irrational, or an invidious discrimination. It follows that the decision of the District Court judge should be affirmed.

*So ordered.*

QUIRICO, J. (dissenting). I respectfully dissent from the decision of this court upholding the denial of unemployment compensation benefits to the plaintiff. The sole issue in this case is whether, during the period for which the plaintiff seeks benefits, she was "available for work and unable to obtain work" within the meaning of G. L. c. 151A, § 24 (*b*). She was in all other respects eligible for benefits.

The question whether the plaintiff was "available for work" must be answered on the basis of the following subsidiary facts found and reported by the review examiner in his decision sustaining the director's denial of the plaintiff's claim: "The claimant and her husband have one car, which the husband uses for transportation to and from his work. The claimant depends on her sister-in-law to take her looking for work unless the employer is located closer to her home. If the claimant were hired, she would have

to arrange for a ride with a co-worker, or be included in a car pool. The claimant states that, although she does not have transportation of her own, she is willing to accept full-time employment, either day or night, providing transportation arrangements could be made. During the period under review through the week ending July 13, 1974, the claimant, in her efforts to obtain employment, had made some telephone calls, and applied personally to two employers. Beginning with the week ending July 20, 1974, the claimant increased her efforts to find work by applying in person to a number of employers in her labor market, and has continued her search for employment in the weeks that followed."

The plaintiff does not question the review examiner's subsidiary findings quoted above. However, she does take issue with the conclusions reached by the review examiner on the basis of those findings. His conclusions were the following: "To be eligible for benefits an individual must be capable of and available for full time employment without restrictions. . . . Here, although the claimant did begin to make a satisfactory search for work beginning with the week ending July 20, 1974, during the entire period under review she has placed a restriction on her employability, namely, that her acceptance of any work not within walking distance of her home, depended on whether transportation arrangements could be made, and it is found, therefore, that she does not meet the eligibility requirements of . . . [G. L. c. 151A, § 24 (b)]."

The review examiner's decision was upheld by the three-man board of review, with the chairman dissenting, and by virtue of the applicable statutes the decision was "final on all questions of fact and law," subject, however, to judicial review under G. L. c. 30A, § 14 (7), as appearing in St. 1973, c. 1114, § 3, G. L. c. 23, § 9N (b), and G. L. c. 151A, §§ 40-42. The plaintiff sought judicial review in the District Court of Marlborough. The judge of that court concluded that "the decision of the Board of Review is supported by the evidence and . . . should be and hereby is affirmed, and the Petition is dismissed." He then reported the case to

this court for our determination. The case is therefore now before us on the same administrative agency record which was before the District Court judge.

One of our most recent statements on the nature and scope of judicial review under G. L. c. 30A, § 14 (7), of this type of administrative agency decision is to be found in *Raytheon Co.* v. *Director of the Div. of Employment Security*, 364 Mass. 593 (1974), cited above in the court's opinion in this case. In that opinion we said at 595: "To the extent that an agency finding is one of fact, it must stand unless 'unsupported by substantial evidence.' *Id....* [§ 14 (7) (*e*)] .... On the other hand, to the extent that an agency determination involves a question of law, it is subject to de novo judicial review. *Id....* [§ 14 (7) (*c*)]." Since the plaintiff does not contend that the agency's subsidiary findings are "unsupported by substantial evidence," we are not here concerned with the first part of the prescribed test.

My basic disagreement with the opinion in the present case is that the court seems to apply this same "substantial evidence" test to the administrative agency's conclusion that on the basis of the subsidiary findings the plaintiff was not "available for work" within the language of G. L. c. 151A, § 24. The court states at 4, that "[t]he question ... whether in the circumstances of this particular case the claimant, by making her acceptance of work dependent on whether transportation can be arranged, has so restricted her employability as to remove herself from the labor force and render herself not 'available for work' within the meaning of G. L. c. 151A, § 24 (*b*) ... is primarily a question of fact that has been entrusted to the informed judgment of the board." It is my opinion that once the administrative agency has made and reported its subsidiary findings, as it has done in this case, the determination of the legal effect of those facts "involves a question of law, [and] it is subject to de novo judicial review" in accordance with the second part of the test quoted above from the *Raytheon* decision. That would be in accord with our statement in *Lamont* v. *Director of the*

*Div. of Employment Security*, 337 Mass. 328, 329 (1958), where, in connection with the review of a decision of the same board of review, we said: "The facts, which are not in question . . . , have been found by the board. Our duty is to determine what result is required on the facts found."

Applying "de novo judicial review" to the subsidiary findings of the board of review in this case, I would hold that as matter of law the plaintiff was "available for work" within the meaning of those words as used in G. L. c. 151A, § 24 (*b*), notwithstanding the cautious qualifications which she expressed with reference to the availability of transportation as a possible factor in her ultimate decision whether to accept employment which might become available to her. I see no difference in the position taken by the plaintiff in the present case from that of the employee in the *Raytheon* case cited above. In the latter case the employee left her employment because "[a] co-worker who had been providing her with passenger service to the plant had been laid off by Raytheon, and she was unable to find other means of transportation, public or private. She requested transfer to the day shift, which would have been accessible to her, but there were no openings." 364 Mass. at 594. We held that in those circumstances the employee was not disqualified from receiving unemployment compensation benefits. The plaintiff in the present case was found to be "willing to accept full-time employment, either day or night, providing transportation arrangements could be made." I do not believe that her reasonable concern with respect to transportation makes her position any different from that of the employee in the *Raytheon* case. I would reverse the decision of the District Court judge and of the board of review and hold that the plaintiff was entitled to unemployment compensation benefits. I recognize that the *Raytheon* case reached the judiciary with a board of review decision in favor of the employee, but I do not believe that that difference precludes a holding in favor of the employee in this case.