George Urista, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Timothy P. Hennessy*, with him *Mary Ann McDunn*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 13, 1981:

George Urista, a Social Security pensioner, had a part-time job as a bartender for the Fraternal Association of Eagles in Washington, Pennsylvania. He and the trustees of the Eagles had keys to the cash box of his register and the box was counted by the trustees each Monday evening. On several occasions the cash box was short and the claimant was required to make up the difference from his wages. On May 7, 1979 the claimant received his paycheck with ten dollars deducted because, as he was told, his cash box had been short ten dollars. Mr. Urista then quit his job and applied for unemployment compensation benefits. The Office of Employment Security (OES) denied him benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1) for voluntarily leaving work without cause of a necessitous and compelling nature. On appeal the referee affirmed the OES's determination. The referee,

however, propounded an additional ground for Urista's ineligibility — that "claimant's self-imposed limitation on his availability for Social Security purposes render him ineligible for benefits under the provision of Section 401(d) of the Law." Section 401(d) provides that unemployment compensation is payable only to workers who are "available for suitable work" and this has been held to mean that the claimant must be ready, willing and able to accept some substantial and suitable work. *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946).

Urista contends that he had a cause of necessitous and compelling nature for quitting his job because he was required to make up any shortages in the cash box of his register out of his own pocket despite the fact that the three Eagles trustees also had a key or keys to his box. The referee found on substantial evidence that Urista was privileged to be present when his cash box was counted at a stated time each week and that he could have asked for a recount of the money. The evidence further shows that Urista could have had his own key to the box which would secure it until the money was counted. Urista chose not to avail himself of this, or the other means mentioned, which might have avoided having to restore shortages not of his making. A careful reading of the record convinces us, as it did the referee, that Urista was simply dissatisfied with his employer's method of operating the bar. Such dissatisfaction is, of course, not a cause of necessitous or compelling nature within the intendment of the statute. *Eckenrod v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974). We will therefore affirm the Board's order denying benefits.

As we have noted, the referee and the Board also concluded that Urista was ineligible because he limited

his availability for work to employment which would not pay him more than the Social Security maximum. Urista testified that he was indeed interested only in part-time work and that the Social Security maximum applicable was $3400. In its brief filed in this court the Board cites three cases which hold that a worker who limits his availability to employment where the wages would not exceed $1200 per year, the applicable Social Security maximum, so restricts his employability as to render him unavailable for suitable work under Section 401(d). *Belsey Unemployment Compensation Case,* 197 Pa. Superior Ct. 280, 177 A.2d 22 (1962); *Stanley Unemployment Compensation Case,* 193 Pa. Superior Ct. 409, 165 A.2d 431 (1960); *Barron Unemployment Compensation Case,* 192 Pa. Superior Ct. 353, 161 A.2d 630 (1960). These cases would appear to be somewhat exceptional; for the general rule, both before and since their filing was and is that a claimant who is ready, willing and able to accept some substantial and suitable work may be eligible even though he limits his availability to part-time work. *Shay Unemployment Compensation Case,* 177 Pa. Superior Ct. 294, 111 A.2d 174 (1955); *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). The Social Security laws and regulations have been extensively liberalized for pensioners since the early 1960's. The maximums, as this case shows, have been increased and the consequence of earning more than maximum has been changed from that of forfeiture of Social Security benefits to reduction in their amount. We believe that the general rule that one may be eligible for unemployment compensation although limiting his availability to part-time work should apply in cases involving Social Security pensioners rather than the draconian precept applied in the cases cited by the Board. It is noteworthy that Urista worked about 30 hours a week for the Eagles.

Order affirmed.

ORDER

AND Now, this 13th day of February, 1981, Board's decision denying benefits to George Urista is affirmed.