RONALD GRAND vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Middlesex. September 12, 1984. — December 11, 1984.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security*, Eligibility for benefits.

A determination by a review examiner in the Division of Employment Se-
curity that a claimant was ineligible for Federal Supplemental Compen-
sation pursuant to G. L. c. 151A, § 30A, because the claimant, by
restricting himself primarily to sending out résumés and calling employ-
ers by telephone rather than making in-person contacts, had failed to
make a "systematic and sustained effort to obtain work," as required by
§ 30A, was supported by substantial evidence and was neither arbitrary
nor capricious, nor based on an error of law. [480-481]
A determination by a review examiner in the Division of Employment Se-
curity that, due to a claimant's academic and employment background,
his enrollment in an approved computer training course was not necessary
for him to gain employment, was reasonable and supported by substantial
evidence, and the division, therefore, was justified in denying the claim-
ant extended unemployment compensation benefits as provided in G. L.
c. 151A, § 30. [481]


CIVIL ACTION commenced in the Third Eastern Middlesex
Division of the District Court Department on March 31, 1983.

The case was heard by *Lawrence F. Feloney*, J.

*Roger Mervis* for the claimant.

*John F. Harvey*, Assistant Attorney General, for the defend-
ant.

LIACOS, J. The director of the Division of Employment Se-
curity (division) disqualified the claimant, Ronald Grand, from
collecting supplemental and extended benefits under G. L.
c. 151A. Grand timely requested a hearing by the director's
authorized representative pursuant to G. L. c. 151A, § 39 (*b*).
After a hearing, a review examiner again disqualified the claim-
ant from receiving further unemployment benefits. The divi-

sion's board of review denied Grand's application for review; hence, the review examiner's decision became the decision of the board of review. G. L. c. 151A, § 41 (c). Thereafter, Grand brought a petition for review in the District Court under G. L. c. 151A, § 42. The judge affirmed the disqualification, and Grand appealed to this court.

The claimant is thirty-seven years old. He graduated from the University of Michigan in 1969 with a bachelor's degree in business administration. He received a master's degree in business administration from the University of California at Berkeley in 1972. He had worked in Europe for approximately four years in a variety of teaching and business positions, including work for the University of Maryland in its overseas division as a lecturer in business. Grand returned to the United States and worked at several business-related jobs until he was laid off in April, 1982, by the Massachusetts Institute of Technology (M.I.T.) from his position as a business and marketing researcher.

After his termination by M.I.T., Grand filed a claim for unemployment compensation benefits with the division. The division found him eligible, and he collected benefits for thirty weeks, thereby exhausting his basic unemployment compensation entitlement under G. L. c. 151A, § 30. The claimant then applied for (1) nine weeks of Federal Supplemental Compensation (FSC) pursuant to G. L. c. 151A, § 30A,[1] and (2) an eighteen-week extension of his basic unemployment entitlement under G. L. c. 151A, § 30.[2] He was initially found eligible for FSC benefits and received a check for the week ending November 27, 1982.

On November 29, 1982, the claimant began attending classes in a computer training program, Project Right, at the Greater Lowell Regional Vocational Technical School in Tyngsborough.

---

[1] Under G. L. c. 151A, § 30A, an unemployed person may receive additional benefits if he has exhausted his regular benefits.

[2] General Laws c. 151A, § 30, as appearing in St. 1976, c. 473, § 11, provides additional benefits to a claimant who is "attending an industrial or vocational retraining course approved by the director," provided that the director finds the claimant in need of such training.

The twenty-two-week program is designed to provide a background in computers, together with "hands-on training" in word processing, computer languages known as Basic and Cobol, and business systems design and analysis. The director of the division has approved the program as an appropriate training course, meeting the requirements of G. L. c. 151A, § 30. The claimant testified that the program required class attendance from approximately 2 P.M. to 10 P.M., Mondays through Fridays, and from approximately 8 A.M. to 5 P.M. on Saturdays, with ten to fifteen hours of homework a week.

The review examiner found that the Project Right program was not necessary for the claimant to realize employment and that the claimant was therefore ineligible for the eighteen-week extension provided for in § 30. In addition, the review examiner found the claimant to be ineligible for FSC benefits, due to his failure to make a "systematic and sustained effort to obtain work," as required by G. L. c. 151A, § 30A.[3] The claimant contends that the conclusion that he made an inadequate effort to find work is not supported by substantial evidence, is arbitrary and capricious, and is based on an error of law. The claimant also argues that the refusal of the director to approve the claimant for the Project Right program was arbitrary and capricious and an abuse of discretion. We disagree, and affirm the decision of the District Court.

---

[3] The director initially found that the claimant was unavailable for work by reason of his enrollment in the Project Right program. The review examiner, however, based his finding on the fact that the claimant made only ten in-person efforts in six weeks to obtain employment. We limit our review to the review examiner's findings.

Section 30A requires that a claimant satisfy the requirements of G. L. c. 151A for the receipt of regular benefits that are applicable to those claiming extended benefits. Thus, the provisions of G. L. c. 151A, § 24 (*b*), that a claimant be available for work and unable to obtain work in his usual occupation or any other occupation for which he is fitted reasonably, apply to claimants for FSC. In addition, G. L. c. 151A, § 30A (3) (*c*), as amended by St. 1982, c. 489, §§14, 22, provides that a claimant shall not be eligible to receive benefits if he fails to engage actively in seeking work. "[A]n individual shall be treated as actively engaged in seeking work during any week if: (*i*) the individual has engaged in a systematic and sustained effort to obtain work during such week, and (*ii*) the individual provides tangible evidence to the employment office of such effort."

The governing statute's requirements for an adequate job search are set forth in general terms only.[4] But the record does contain one notice which establishes a standard which the claimant clearly did not meet. The director maintains that this notice, entitled "FSC Requirements," is routinely distributed to FSC applicants. It provides in pertinent part: "You must be actively seeking work each week you claim benefits for. The criteria for the *minimum requirements* are at least *3 days a week*. You must be making employer contacts and at least *4 job contacts a week*. These are expected to be in person. Restricting yourself to sending out resumes and calling employers by phone only, could result in your denial of benefits." (Emphasis in original.)

Although the hearing examiner did not refer explicitly to the FSC Requirements notice in his decision, our reading of the record indicates that the examiner had such a standard in mind. During the hearing, he focused repeatedly on the number of in-person contacts the claimant had made. Further, in his written decision the review examiner stated: "According to the claimant . . . [h]e has only gone to approximately 10 prospective employers since he began his training course on 11/29/82. . . . It is further found that since the claimant began his course in computer training on 11/29/82, he has only made personal contacts with approximately 10 prospective employers, all other contacts have been by telephone and résumés. In view of the fact that such activities do not constitute a systematic and sustained effort to obtain work, the claimant has not established that he was actively engaged in seeking work since he began his course in computer programming on 11/29/82."

The claimant does not contest his receipt of the FSC Requirements notice, nor that the notice constitutes a guideline or standard set forth by the division. The claimant contends only that the review examiner was acting without standards, and thus

---

[4] Claimant must be "available for work." G. L. c. 151A, § 24 (*b*).

"[T]he individual [must] engage[ ] in a systematic and sustained effort to obtain work." G. L. c. 151A, § 30A (3) (*c*).

that the requirement of in-person contacts for a person with
the claimant's professional qualifications is arbitrary and capri-
cious, as was the omission of any reference in the decision to
the claimant's other means of contacting prospective employ-
ers.[5] The claimant argues that a requirement of frequent in-per-
son contacts is unrealistic and, indeed, counterproductive for
people in some occupations. Nevertheless, that is the standard
set by the division in its FSC Requirements notice. With regard
to such matters, we give deference to the "experience, technical
competence, and specialized knowledge of the [director], as
well as to the discretionary authority conferred upon" her.
G. L. c. 30A, § 14 (7), as amended through St. 1976, c. 411,
§§ 1, 2. See *Keough* v. *Director of the Div. of Employment
Sec.*, 370 Mass. 1, 4 (1976). The FSC Requirements notice
sets the standard. The claimant does not contend that he met
it. Nor did he challenge the validity of the notice before the
review examiner. We conclude that the review examiner's
decision was supported by substantial evidence[6] and was neither
arbitrary nor capricious, nor based on an error of law.

We also conclude that the review examiner's decision that the
claimant did not need to enroll in the Project Right program to
gain employment was reasonable and was supported by substantial
evidence. The review examiner found that the claimant had
bachelor's and master's degrees. He noted the claimant's work
experience in accounting, research, sales, and teaching, both in
the United States and in Europe. His decision that the claimant
"possess[es] marketable skills in business and business adminis-
tration" was supported by substantial evidence and by his sub-
sidiary findings.

The decision of the District Court is affirmed.

*So ordered.*

---

[5] The claimant testified at the hearing that he had sent out résumés,
answered newspaper ads, and communicated with companies with which
he has had some prior contact. The claimant also submitted fifty rejection
letters as evidence in support of his claim.

[6] "'Substantial evidence' means such evidence as a reasonable mind might
accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6), as
amended through St. 1979, c. 795, § 3. See *New Boston Garden Corp.* v.
*Assessors of Boston*, 383 Mass. 456, 465-467 (1981).