HORACIO MORILLO *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Essex. April 4, 1985. — May 8, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security*, Eligibility for benefits, Voluntary unemployment, Discharge.

An employee who agrees to be one of those laid off after his employer has announced a decision to lay off a specified number of employees is not thereby disqualified from receiving benefits under G. L. c. 151A, § 25 (*e*). [766]

CIVIL ACTION commenced in the Lawrence Division of the District Court Department on April 24, 1984.

The case was heard by *Arthur Williams*, J.

*James Breslauer* for the employee.

*Willie Ivory Carpenter, Jr.*, Assistant Attorney General, for Director of the Division of Employment Security.

NOLAN, J. We are asked to decide a question of first impression: whether an employee who agrees to be one of those laid off after the employer has announced his decision to lay off a specified number of employees is disqualified from benefits under G. L. c. 151A, § 25 (e). We answer this question in the negative, and we reverse.

The material facts are not in dispute. We confront a question of law. *Keough* v. *Director of Div. of Employment Sec.*, 370 Mass. 1, 4 (1976). The claimant, Horacio Morillo, worked for the employer, G.S.F. Corp., as a machine operator from March 1, 1983, until December 7, 1983, when he was laid off. He learned that the employer was going to lay off twelve employees. Although the claimant could have continued work,

_____

[1] G.S.F. Corp.

he volunteered to be one of the twelve because he was dissatisfied with the safety of the machines.

After his claim for unemployment benefits was denied, he requested a hearing and a review examiner of the Division of Employment Security upheld the denial, ruling that the claimant left his work "voluntarily without good cause attributable to the employing unit or its agent." G. L. c. 151A, § 25 (*e*) (1). The claimant appealed this decision to the board of review, which denied his application for review, thereby adopting the earlier decision. A petition for review filed in a District Court resulted in an affirmance of the decision and the claimant then appealed to this court. G. L. c. 151A, § 42.

We are required by explicit mandate to construe the unemployment security law "liberally in aid of its purpose, which purpose is to lighten the burden which now falls on the unemployed worker and his family." G. L. c. 151A, § 74. We think that, absent fraud and collusion, this purpose of the law is promoted by permitting employees such as the claimant to offer to be among those employees laid off. The employer is not penalized because his account will be charged regardless of the identity of employees who are laid off. This result is both equitable and realistic.

Our conclusion does no disservice to the term "voluntarily" in G. L. c. 151A, § 25 (e) (1), because the first and last steps in the termination process in this case were taken by the employer. The employer decided to lay off twelve people. The claimant's conduct in volunteering did not terminate his employment because the employer was not compelled to accept the claimant's offer. The last act in the process was also that of the employer, the act of laying off the claimant.

The judgment of the District Court is reversed and judgment shall be entered in the District Court remanding this case to the Division of Employment Security for further proceedings consistent with this opinion.

*So ordered.*