### Shay Unemployment Compensation Case.

Argued September 30, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

*Paul Maloney,* with him *Evans, Bayard & Frick,* for intervening employer, appellee.

OPINION BY ROSS, J., January 14, 1955:

In this unemployment compensation case, after the compensation authorities denied benefits to the claimant, Evelyn H. Shay, she took this appeal.

The Board made, inter alia, the following findings of fact: "1. Claimant was last employed by the Curtis Publishing Company, Independence Square, Philadelphia 5, Pa., her last day of work being July 30, 1953. She had worked for this concern from November 27, 1950. 2. On July 19, 1951, claimant suffered injury to her left arm while at work, as a result of which she was absent from her job until October 1, 1951. 3. Claimant returned to work October 1, 1951 and was assigned to the job of counting magazine returns. She worked at this assignment until July 30, 1953, when she informed her supervisor that she was unable to continue with the work she was doing because it was causing pain to the left arm which had been injured. Claimant requested a part time job, but no part time work was available for her. She thereupon left her employment."

The Board held that claimant left her employment with good cause, stating "She was unable to continue doing the kind of work assigned to her because of the

pain caused to her left arm. This, we believe, was compelling and necessitous circumstance sufficient to constitute good cause for leaving her work." However, it denied benefits on the ground that claimant did not meet the eligibility requirement of section 401 (d) which provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who— (d) Is able to work and available for suitable work;". In discussing this phase of the case the Board stated: ". . . we have considered the fact that claimant was interested in obtaining only part time work, and therefore restricted her availability for suitable work. A claimant must be available for all suitable full time work which she does not have good cause to refuse. Inasmuch as claimant has excluded full time work simply because she prefers to work on a part time basis, we are forced to conclude that she has excluded suitable work without legal justification, and, accordingly, must be determined ineligible for benefits under the provisions of Section 401 (d) of the Law."

We are agreed that the board erred in denying benefits simply because it concluded that claimant wanted only part time work. In *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Court 548, 45 A. 2d 898, this Court stated at page 561: "Nor does our statute [Unemployment Compensation Law], differing in this respect from those of other states, require that the employe shall be available for full-time work, or for permanent, as distinguished from temporary employment. So long as the claimant is ready, willing and able to accept some substantial and suitable work he has met the statutory requirements. By the same token, the availability rule does not necessarily require that a claimant be available for his most recent work or his customary work. It is sufficient if he is able to do some type of work, and there is reasonable

opportunity for securing such work in the vicinity in which he lives. So, an unemployed worker is not justified in refusing part-time or temporary work, nor work for which he has not been trained but which he is able to perform. *Conversely, a worker who is ready, willing, and able to accept part-time or temporary employment or employment not in line with his prior work or training cannot be classified as unavailable.*" (Italics supplied).

It is conceded that claimant was and is ready, willing and able to accept part time work of a "substantial" nature. Under such circumstances the *Sturdevant* case would appear to require a holding that claimant was available for suitable work and should not have been *on that basis* denied benefits. If the Legislature had intended to make eligible for benefits only unemployed persons "able to work and available for suitable *full time* work" it should and would have so stated in the Unemployment Compensation Law. Since it did not, it is not for the compensation authorities to do so. Furthermore, from a reading of Section 404 (d) of the Unemployment Compensation Law it seems clear that the Legislature contemplated part time employment. Section 404 (d) as amended 43 PS sec. 804 provides inter alia: ". . . each eligible employe who is unemployed with respect to any week ending subsequent to the effective date of this act shall be paid with respect to such week compensation in an amount equal to his weekly benefit rate less that part of the remuneration, if any, paid or payable to him with respect to such week which is in excess of six dollars ($6)." Also, the definition of "unemployed" as used in the Act provides in part as follows: "An individual shall be deemed unemployed . . . with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to

such week is less than his weekly benefit rate plus six dollars ($6)" 43 P.S. sec. 753.

In *Quiggle Unemployment Compensation Case,* 172 Pa. Superior Court 430, 94 A. 2d 367, speaking through Judge DITHRICH we stated at Page 435, "The basic purpose of the statutory requirement of availability 'is to establish that a claimant is actually and currently attached to the labor force.' Sturdevant Unemployment Compensation Case, supra, p. 560; Shellhammer Unemployment Compensation Case, 162 Pa. Superior Court 327, 328, 57 A. 2d 439; Mattey Unemployment Compensation Case, 164 Pa. Superior Court 36, 41, 63 A. 2d 429. It is clear that a claimant is attached to the labor force so long as he is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity in which he lives."

Since the compensation authorities made no finding relative to claimant's "reasonable opportunity for securing such [part time] work in the vicinity in which she lives" the record must be remanded for a finding on this vital issue.

The decision is vacated and the record is remitted to the Board for further proceedings consistent with this opinion.