Kathleen M. Myers, Appellant *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

282

*John R. Fernan,* with him *Cartwright & Fernan,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 17, 1975:

This is an appeal by Kathleen M. Myers (Myers) from an order of the Unemployment Compensation Board of Review (Board), dated February 5, 1974, which affirmed an order of an unemployment compensation referee, dated July 14, 1970, denying Myers unemployment compensation benefits.

Myers was a full-time clerical employe of the International Powder Metallurgy Corporation (I.P.M.) when, on April 14, 1970, she requested a reduction in her working hours so that she might be able to spend more time at home with her pre-school age son. The reduction in hours was granted by I.P.M., and both parties characterize Myers' new schedule as "part-time." The record reveals that, pursuant to this new arrangement, Myers worked approximately 20 hours per week, which was half of the conventional 40-hour week which she had been working prior to the reduction. On June 10, 1970, Myers was laid off when I.P.M. replaced her with a full-time employe. Myers applied for unemployment compensation benefits, which were denied by the Bureau of Employment Security (Bureau), because, in the Bureau's view, she had voluntarily left her employment "without cause of a necessitous and compelling nature," as required by Section 402(b)(1) of The Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The referee found, contrary to the Bureau's determination, that Myers' termination was involuntary,[1] but that she was still ineligible for benefits because of the provisions of section 401(d) of the Law, 43 P.S. §801(d). The Board affirmed on this basis. Section 401(d) reads, in relevant part: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work . . . ."

In applying this section of the Law, the Board reasoned that Myers' ineligibility followed because "[t]estimony . . . by a representative of the Employment Service indicates that there were few job opportunities for persons possessing her skills in both a full time and part time capacity. Under the circumstances, therefore, the Board is constrained to hold that the claimant has so limited her availability as to remove herself from the labor market."

Our scope of review is limited to determining questions of law, and, absent fraud, a determination of whether the Board's findings are supported by substantial evidence. *Stalc v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 134, 318 A. 2d 398, 400 (1974); *Hinkle v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 514, 308 A. 2d 173, 174 (1973).

The crux of this case is whether or not Myers was "available for suitable work" during the period for which she claims benefits, or, stated another way, whether there was a reasonable opportunity for securing such work in the vicinity in which she lived. In *Shay Unemployment Compensation Case,* 177 Pa. Superior Ct. 294, 111 A. 2d 174 (1955), the Superior Court settled any question regarding whether benefits can be denied simply because a claimant is willing to do only part-time work. As the

---

1. This finding by the referee has not been challenged.

Court said in *Shay,* quoting from *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 561, 45 A. 2d 898, 905 (1946): "Nor does our statute . . . require that the employe shall be available for full-time work, or for permanent, as distinguished from temporary, employment. So long as the claimant is ready, willing and able to accept some substantial and suitable work he has met the statutory requirements. . . . It is sufficient if he is able to do some type of work, and there is a reasonable opportunity for securing such work in the vicinity in which he lives."

This Court has, at least inferentially, followed *Shay* in *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A. 2d 866 (1973), where the question was whether a claimant was "available for suitable work" under section 401(d) of the Law, when she limited her availability to only night-time hours. In *Hunt,* Judge CRUMLISH took cognizance of "the well-established principle that a claimant may render himself unavailable for work by imposing conditions and limitations on employment availability," 8 Pa. Commonwealth Ct. at 583, 302 A. 2d at 869, but he went on to note that the bare existence of a self-imposed limitation on availability for work is not, of itself, sufficient to support a denial of benefits. The real inquiry defined by the *Shay* and *Hunt* cases, *supra,* is whether the claimant's self-imposed limitations effectively removed her from the local labor market.

As noted above, the Board specifically found that there were "few" job opportunities available to Myers on a part-time basis. This is not at all tantamount to concluding that there was not a "reasonable opportunity for securing such work in the vicinity" under the holding in *Shay, supra.*

The entire testimony supporting the Board's finding on this critical point is contained in the following passage from the record: "REFEREE TO BUREAU REPRESENTATIVE:

Q. Mr. McCluran (phonetic) having heard the description from the claimant of the general . . . of the type of work she generally preforms [sic], and recall now if you will we're talking about weeks at issue here, which the waiting week ending June 16 of 1970, compensable weeks of June 24, and July 1. In response to the inquiries of the Board of Review, what can you tell us Mr. McCluran (phonetic) about the availability of work on part-time basis during the hours which the claimant has specified in the claimant's labor area for the type of work that she generally preforms [sic]? A. Those types of jobs are usually very scarce. Every once in awhile we get a call for someboday [sic] on a part-time basis but do not get very many. Where a person restricts himself to certain hours of the day it's pretty tough. Q. Well do I understand your testimony to be that work of a secretarial or clerical nature then, according to your testimony, is generally requested for full-time rather than part-time employees? A. Yes, sir. Q. Is there any question Mr. McCluran (phonetic) that in the claimant's labor area here in the St. Marys Ridgeway Area there are many opportunities for possible employment in her field? A. Yes, there are several opportunities in different times. Q. But your testimony is that those are generally on a full-time rather than a part-time basis? A. Yes, sir. COUNSEL [FOR CLAIMANT] TO BUREAU REPRESENTATIVE: Q. For the period [during which claimant was unemployed] do you know, as a matter of fact, whether or not any suitable employment on a part-time basis was available in this employment area? A. I couldn't tell you for sure."

[IRRELEVANT DISCUSSION]

"BUREAU REPRESENTATIVE: There could have been . . . we could of had an opening for part-time workers during those months, I just can't recall . . . that far back. But as I say again, they are very scarce. COUNSEL TO BUREAU REPRESENTATIVE: Q. In other words, there are both full-

time and part-time secretarial and clerical jobs available, the only problem is there's a whole lot more opportunities for full-time employment than part-time employment in this particular area? A. Yes, sir."

In addition to the weakness and qualified conclusions found in the above extract, two other uncontradicted record facts should be noted on the question of the availability of part-time work. First, Myers did, in fact, maintain part-time employment with I.P.M. for almost two months prior to her layoff (from April 14, 1970 until June 10, 1970). Second, Myers obtained employment as a secretary some time in the autumn of 1970 (the record is unclear on the precise date), has continued to work at this new position, and, for at least some of the time, works on a part-time basis.

After a careful review of the testimony taken below, we feel that there is not the requisite substantial evidence present to support a conclusion that there was no reasonable opportunity for Myers to secure employment on a part-time basis. We fully understand that it is not our role to judge the credibility of the witnesses appearing before the referee or the Board, or to choose which inferences to draw from the testimony presented. *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 487, 296 A. 2d 297, 299 (1972). We are, however, charged with the duty of reviewing the record to insure that any necessary findings are supported by substantial evidence, and the only evidence offered to support a conclusion that there was no reasonable opportunity for part-time work actually establishes that there were *some* job opportunities available, albeit "few" of them. That relatively "few" such opportunities were available is not surprising, since common experience would suggest that, relative to full-time job opportunities, part-time positions are less plentiful in almost any occupation.[2] Considering the established rule that a limita-

---

2. Interestingly, we note that in the "Discussion" section of

tion to part-time employment does not *per se* render a claimant ineligible for benefits, we simply cannot agree with the Board that there is sufficient evidence in this record to conclude that a search for part-time employment by Myers was an endeavor which had an unreasonably low possibility of success.

From the above it necessarily follows that Myers did not render herself "unavailable for suitable work" under section 401(d) of the Law, 43 P.S. §801(d), and, accordingly, we

ORDER

AND NOW, this 17th day of January, 1975, the order of the Unemployment Compensation Board of Review, dated February 5, 1974, is hereby vacated, and the Bureau of Employment Security is hereby ordered to pay to Kathleen M. Myers unemployment compensation benefits in such amount as she is entitled to receive in accordance with the provisions of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

---

the Board's adjudication, the Board said that ". . . there were few job opportunities for persons possessing her skills *in both a full time and part time capacity.*" (Emphasis added.)