Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Leon B. Matthys, Appellant.

Argued March 5, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Judd F. Crosby*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 14, 1976:

The facts in this case reveal that Leon B. Matthys (claimant) had been receiving unemployment compensa-

476

tion benefits due to his compensable separation from employment in 1974. In the spring of 1975, claimant, on his own initiative, responded to a newspaper advertisement seeking "full-time" or "part-time" school bus drivers. Claimant acquired the part-time job which involved one daily afternoon trip for which he was paid $7.75. Although he did inform his new employer of his availabilty for morning trips if he were needed, he did not directly seek the so-called "full-time" (4-hour-a-day) job because he wished to be free most mornings to attend job interviews.

The Bureau of Employment Security (Bureau), a referee, and the Unemployment Compensation Board of Review (Board) denied benefits to claimant for a period from the week ending March 29, 1975, through the week ending May 10, 1975,[1] on the basis of claimant's alleged violation of Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §801(d), which provides in pertinent part:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

"(d) Is able to work and available for suitable work. . . ."

Our scope of review here is limited to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. *Unemployment Compensation Board of Review v. Pinger,* 21 Pa. Commonwealth Ct. 61, 342 A. 2d 781 (1975).

We therefore turn to the record where we note that the Board, in adopting the opinion of the referee, set forth the following findings of fact:

1. On May 7, 1975, claimant, pursuant to urging from the Bureau, informed his employer of his willingness to accept full-time work and, although no such work was subsequently assigned to claimant, the Bureau has now held him to be eligible for benefits since that date.

"1. Claimant was last employed by Allegheny Valley Transit, Pittsburgh, PA, as a School Bus Driver, working two hours a day from 2.00 p.m. to 4:00 p.m. at $7.75 a trip, and his last day of work was June 6, 1975.[2]

"2. Claimant secured this employment as a result of the employer's ad in the newspaper wherein the employer was advertising for full-time or part-time employees.

"3. Claimant applied for part-time work only because he wished to be available in the mornings in case he was called for an interview with another employer." (Footnote added.)

It then concluded that "[t]he record reveals that the claimant applied for part-time work only, although the employer had advertised for full-time or part-time employees. Since the claimant restricted his availability by applying for part-time work only, he cannot be considered to have been realistically attached to the labor market and he, therefore, must be disqualified from receiving benefits under the provisions of Section 401(d) of the Law." We believe that this conclusion represents a fundamental error of law in the Board's adjudication.

The Board seems to confuse the eligibility provisions of Section 401(d) with those of Section 402(a), 43 P.S. §802(a).[3] In its brief, the Board states that "[t]he law,

---

2. Since the end of the 1975 school year, claimant has been totally unemployed.

3. Section 402(a) provides:

"An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such

however, definitely requires that one accept full-time work when it is available." This conclusion certainly is valid under Section 402(a) where the claimant is referred to, and then offered employment by, the Bureau or by any employer who properly notifies the Bureau. However, Section 401(d) does not apply to rejections of specific jobs. Rather it is the purpose of Section 402(a) to deny benefits to claimants who refuse referral work. *See Paisley v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 427, 315 A. 2d 908 (1974). The purpose of Section 401(d) is to insure that claimants either initially, at the time of their Bureau interviews, or later, during their responses to ongoing Bureau inquiries or employment interviews, do not so restrict their future availability for potential work as to render themselves such that they are not realistically attached to the labor market. *See Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A. 2d 886 (1975).[4] Section 401(d) seeks to insure that claimants are realistically attached to the labor force; *i.e.,* they are able to do some type of work, and there is reasonable opportunity for securing such work in the vicinity in which they live. *Shay Unemployment Compensation Case,* 177 Pa. Superior Ct. 294, 111 A. 2d 174 (1955).

---

employer notifies the employment office of such offer within seven (7) days after the making thereof."

4. The information necessary to form a factual basis for Section 401(d) adjudications is usually obtained through the Bureau interview or other testimony concerning general limitations on employment. *See Graham v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 445, 322 A. 2d 807 (1974); *Patronas v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 491, 291 A. 2d 118 (1972). Information necessary to form a factual basis for Section 402(a) adjudications is usually obtained through the claimant's actions or statements at the time of a refusal to accept tendered employment. *See Paisley v. Unemployment Compensation Board of Review, supra.*

The Board's findings are not responsibe to a Section 401(d) inquiry. While the claimant's conduct, in personally seeking out only a part-time job (2 hours a day) rather than an allegedly available full-time job (4 hours a day), may be relevant as a reflection of his state of mind concerning his availability for future full-time work, it is far from being conclusive as to a Section 401 (d) determination. Claimant has alleged, among other things, (1) that at the time of his registration he placed no restrictions on his employment, (2) that he continued to hold himself out for, and in fact actively sought, a full-time position of any type, (3) that he advised his employer of his availability for morning runs and yet received only one during the entire time of his employment, and (4) that in fact a traditional full-time job, though advertised, was not really available with this particular employer at the time of claimant's application. None of these allegations were fully considered below.

Additionally, we note that the Board has failed to consider that a part-time employment limitation does not, per se, render a claimant ineligible under Section 401 (d). *See Myers, supra,* and *Shay, supra.*

Therefore, we issue the following

ORDER

AND NOW, this 14th day of May, 1976, the order of the Unemployment Compensation Board of Review relative to the claim of Leon B. Matthys is reversed, and the record is remanded for further proceedings consistent with the above opinion.

Judge KRAMER did not participate in the decision in this case.