Mildred Walden, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

*Gary A. Krimstock,* with him *Zink & Shinehouse,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 6, 1979:

The sole question in this case is whether an unemployment compensation claimant who limits her availability for work to part-time jobs during the hours of 10 a.m. to 3 p.m. four days a week is available for suitable work within the meaning of Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). Claimant retired from her position as an accountant with the federal government on a medical disability pension. Upon application for unemployment benefits, the Bureau of Employment Security, the referee and the Unemployment Compensation Board of Review ruled that the limitations claimant placed upon potential jobs rendered her ineligible because she was unavailable for suitable work. We affirm that determination.

While a claimant's availability for work will generally depend upon the facts of each case, this Court has found instances where a claimant has placed such restrictions on potential jobs as to render him or her as a matter of law unattached to the labor market. Thus, in *Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 354 A. 2d 260 (1976) this Court held that a claimant who would only accept a part-time job between the hours of 10 a.m. and 3 p.m. five days a week had as a matter of law so limited her availability as to effectively remove herself from the labor market. In this case, the record is clear that claimant's time limitations are even more restrictive than those in *Wilson, supra,* and we must conclude that our decision in that case controls the outcome here.

Accordingly, we will enter the following

ORDER

AND Now, April 6, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-146868, dated June 30, 1977, is hereby affirmed.