Natalie Riff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Arthur D. Rabelow, Artzt & Rabelow Assoc.,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., May 7, 1980:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirm-

ing a decision of the referee denying benefits for the compensable week ending March 10, 1979 to the petitioner (Claimant) on the ground that she was not available for work within the meaning of Section 401 (d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d). We affirm.

Section 401(d) of the Law reads in relevant part:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work. . . .

The facts are not in dispute. Claimant was laid off from work by her former employer on February 9, 1979. She filed her application for unemployment compensation benefits with the Bureau of Employment Security (Bureau)[1] on March 5, 1979. Claimant stated on her "Summary of Interview" form:

I would accept full-time work only in the [northeast section of Philadelphia], since travelling time would just be too many hours, since I do have responsibilities at home. Therefore, I would only accept part-time work if it was any great distance from home (any part of the city).

The Bureau issued a notice denying benefits to the Claimant. Upon appeal and after a hearing, the referee issued a decision affirming the determination of the Bureau and denying benefits. Upon Claimant's appeal, the Board issued an order disallowing Claimant's further appeal and affirming the decision of the referee.

---

[1] Now the Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

Only the denial of benefits to Claimant for the compensable week ending March 10, 1979 is presently before the Court.[2] Each unemployment compensation week stands on a separate and individual basis, *Stryker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 429, 322 A.2d 737 (1974), and a finding that Claimant is unavailable during one week is without prejudice as to her eligibility during the subsequent claim weeks.

The critical question is whether the Claimant's limitation of her availability effectively removes her from her local labor market. *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). As this Court indicated in *Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 354 A. 2d 260 (1976), the question of whether a claimant has removed herself from the labor market is a matter of drawing the line between those cases where a claim of reasonable availability is patently untenable and those in which a factual inquiry should be conducted as to the conditions of the local labor market.

Claimant argues that her case falls within the latter category. But the instant case is not one wherein a claimant declared her availability for only part-time work and the record before the Board indicated that there was reasonable opportunity for part-time work. *Myers, supra.* Nor is it a case wherein a claimant limited his availability to work within walking distance until his car was repaired. *Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977). Rather, it is a case where the clear inference of the Claimant's statement to the Bureau is that she would be avail-

---

[2] After Claimant received notice of the Bureau's determination, on March 23, 1979 she advised the Bureau that she would accept full-time work anywhere in Philadelphia.

able for work, full time in northeastern Philadelphia or part-time work within the city, based on her judgment of the convenience of travelling to the prospective employer's location. She immediately removed these restrictions when she learned they would make her ineligible for unemployment compensation benefits.

Accordingly, we will enter the following

ORDER

AND Now, May 7, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-172828, dated May 31, 1979, denying unemployment compensation benefits to Natalie Riff for the compensable week ending March 10, 1979, is affirmed.