———
$424.72

Julia Sorace, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 17, 1981, before Judges MEN-CER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Emily J. Leader,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Claimant appeals an order of the Unemployment Compensation Board of Review (Board) which, after reconsideration, affirmed a referee's denial of bene-

fits pursuant to Section 401(d) of the Unemployment Compensation Law (Law).[1] We reverse the Board's order.

From January 1, 1957, until June 28, 1979, Orweco Frocks employed Claimant to do dress repairs. Claimant was discharged from employment on July 17, 1979, for failing to report to work from July 2, 1979, until July 16, 1979. After a hearing, the referee determined that (1) Claimant's absence from work constituted willful misconduct which rendered Claimant ineligible for unemployment compensation and (2) Claimant effectively removed herself from the labor market, and thus rendered herself ineligible for unemployment benefits, by her self-imposed restriction of her working hours to prevent diminution of her social security benefits. Initially, the Board affirmed the decision of the referee. However, upon Claimant's request for reconsideration, the Board held that Claimant's absence from work did not constitute willful misconduct because (1) Claimant was absent under "legally compelling circumstances" attendant to the death of her brother-in-law and (2) Claimant's intended absence was reported to her employer, as company policy permitted, by a co-worker whom Claimant notified. Nevertheless, the Board agreed with the referee's decision that Claimant's self-imposed restriction of her working hours made Claimant unavailable for work and therefore, ineligible for benefits under Section 401(d) of the Law.

The sole issue on appeal before this Court is whether, in order to gain maximum social security benefits, an employee may unilaterally limit her working hours and still remain realistically attached to the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d). Section 401(d) is now Section 401 (d)(1), 43 P.S. §801(d)(1).

labor force for purposes of the Unemployment Compensation Law.

To be eligible for unemployment compensation, a claimant must prove her availability for suitable work. *Pizzo v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 431, 424 A.2d 1021 (1981); *Humanic v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 428, 423 A.2d 64 (1980). Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Helsel v. Unemployemnt Compensation Board of Review*, 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

The availability requirement of "Section 401(d) seeks to insure that claimants are realistically attached to the labor force; *i.e.,* they are able to do some type of work, and there is reasonable opportunity for securing such work in the vicinity in which they live." *Unemployment Compensation Board of Review v. Matthys,* 24 Pa. Commonwealth Ct. 474, 478, 357 A.2d 230, 232 (1976). This Court has long recognized " 'that a claimant may render [herself] unavailable for work by imposing conditions and limitations on employment availability,' . . . but . . . that the bare existence of a self-imposed limitation on availability for work is not, of itself, sufficient to support a denial of benefits." *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 284, 330 A.2d 886, 888 (1975) (citation omitted).

In the present case Claimant testified that before her discharge from Orweco Frocks she worked part-time, *i.e.,* eight hours per day, three days per week.

Claimant also stated that she had been working part-time at Orweco Frocks since September of 1978 when she began receiving social security benefits. Although Orweco Frocks did not produce any evidence to refute Claimant's testimony, Orweco Frocks did aver, in response to a question from the referee, that full-time work was available to Claimant. Based upon the evidence of obtainable full-time employment and Claimant's self-imposed restriction of her working hours to comport with the earnings limitation of social security recipients, the referee and the Board concluded that Claimant had effectively removed herself from the labor market.

However, "[t]he test is whether the claimant is available to do *some* work and whether a reasonable opportunity for such work exists." *Wincek v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 237, 239, 412 A.2d 699, 701 (1980) (emphasis in original). "[A] part-time employment limitation does not, per se, render a claimant ineligible under Section 401(d)." *Unemployment Compensation Board of Review v. Matthys,* 24 Pa. Commonwealth Ct. at 479, 357 A.2d at 233; *Myers.* The fact that full-time employment is obtainable or that part-time work may be less readily found than full-time work is not determinative of the issue as long as some part-time jobs exist. *Myers.* Here, the possibility of acquiring work which satisfies Claimant's self-imposed limitation, is demonstrated by Claimant's having worked part-time at Orweco Frocks for ten months before her discharge. Moreover, in answer to questions posed by the referee, Claimant alleged her willingness to work five days per week, during any hours designated by the employer, as long as her total working hours, and consequent earnings, did not exceed the limit placed on social security recipients. Thus, this

case is distinguishable from cases such as *Riff v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 218, 414 A.2d 155 (1980) and *Walden v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 514, 399 A.2d 824 (1979), wherein claimants' unilateral conditions of employment—in the first case, a particular geographic location not necessitated by transportation difficulties but merely requested for convenience and in the second case, working hours from 10 a.m. to 3 p.m. four days per week—were so restrictive as to preclude a reasonable opportunity for employment.

As was so eloquently explained by Judge ROGERS in *Urista v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981), which controls the present case,

> the general rule . . . is that a claimant who is ready, willing and able to accept some substantial and suitable work may be eligible [for unemployment benefits] even though [she] limits [her] availability to part-time work. . . . The Social Security laws and regulations have been extensively liberalized for pensioners since the early 1960's. . . . We believe that the general rule that one may be eligible for unemployment compensation although limiting [her] availability to part-time work should apply in cases involving Social Security pensioners rather than the draconian precept applied . . . by the Board.

*Id.* at 621, 425 A.2d at 496.

Therefore, we will enter the following

### ORDER

AND Now, December 23, 1981, the order of the Unemployment Compensation Board of Review, Decision

No. B-179255-B, Appeal No. B-79-5-A-275, dated April 28, 1980, is hereby reversed, and this case is hereby remanded to the Unemployment Compensation Board of Review for a computation of benefits.