Jean Micciche, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 9, 1983, to Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Nicholas S. Mattise, Robert W. Munley, P. C.,* for petitioner.

*Lawrence M. Ludwig, Henkelman, Kreder, O'Connell & Brooks,* for intervenor/employer.

OPINION BY JUDGE BLATT, June 29, 1983:

Jean Micciche (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which adopted a referee's decision denying her benefits on the basis that she was not able and available for suitable employment within the meaning of Section 401(d)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).

The claimant was last employed by Moses Taylor Hospital, was placed on a leave of absence for medical reasons, and was subsequently certified by her physician as able to accept work with the limitation that she cannot work on her feet and must have a sitdown job. The referee found that the job opportunities in the claimant's labor market area, considering her limitation, were "extremely limited" and he denied her request for benefits on the basis of Section 401(d)(1) of the Act. The Board agreed and the instant appeal ensued.

Our scope of review here is limited to a determination of whether or not an error of law was committed or if the findings of fact were made with a capricious disregard of competent evidence in the record. *Walsh v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 155, 329 A.2d 523 (1974). And we believe that there has been not only a capricious disregard of competent evidence in the record but also an error in the ultimate legal conclusion.

Our review of the record indicates that the claimant's witness, an Employment Interviewer in the Scranton Office of Employment Security, gave uncontradicted testimony that there were, from time to time, jobs such as, among others, sewing machine operator, telephone solicitor, and receptionist,[1] available in the region concerned. The referee's findings, therefore, represent a disregard of evidence beyond the exercise of credibility determinations attendant to the factfinding function, and we believe that this disregard rises to the level of a disregard of competent and relevant testimony which one of ordinary intelligence could not possibly have avoided in reaching a result. *University of Pittsburgh v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 505, 413 A.2d 51 (1980) (capricious disregard defined).

Concerning the legal conclusion reached[2] in *Sorace v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 352, 437 A.2d 1316 (1981), we note that the penultimate issue in determining that a claimant with job limitations is or is not able and available under Section 401(d)(1) of the Act is whether or not some jobs within the stated limitations exist. And, in *Myers v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975), we found a claimant to be able and available for suitable work even though her job opportunities in the region, considering her limitation, were characterized by the Board as "few" and by the employment expert as "very scarce." *Id.* at 284-85, 330 A.2d at 888-89. In the instant matter, therefore, we

---

[1] Although some of the positions were said to be of a temporary or part-time nature, we do not believe that this makes her unavailable for suitable work.

[2] Assuming arguendo, that the claimant's job opportunities *were* "extremely limited."

see no necessity to achieve a different result with this claimant, whose opportunities were said to be "extremely limited."[3]

For the foregoing reasons, we will reverse the Board's order and remand this matter for the computation of benefits.

ORDER

AND, Now, this 29th day of June, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and this matter is remanded to said Board for the computation of benefits. Jurisdiction relinquished.

---

[3] It is axiomatic, of course, that the Act is remedial legislation whose benefit provisions are to be liberally construed in the claimant's favor. *Unemployment Compensation Board of Review v. Jolliffe*, 474 Pa. 584, 379 A.2d 109 (1977); *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).