601 A.2d 418

**Andrew SENKINC, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 18, 1991.

Decided Dec. 13, 1991.

Bradley M. Bassi and John F. Adlesic, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Andrew Senkinc (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the Referee's decision denying him benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), for failing to prove that his voluntary termination of employment was for a necessitous and compelling reason.[1]

Claimant was employed by Professional Cabinetry Incorporated (Employer) for approximately thirty-seven years as a shop foreman. When Claimant attained the age of sixty-five on October 11, 1990, he applied for social security retirement benefits. Claimant notified his Employer of his intention to apply for social security benefits and to retire as of January 1, 1991, but requested that he be permitted to continue working on a part-time basis to supplement those benefits. Claimant indicated that he was limited to earning $9,700 doing part-time work in order to keep receiving his social security benefits. The Employer acknowledged Claimant's intent to retire, and indicated to him that if part-time work was available for him after he retired, he would be called. Claimant then left his employment on December 13, 1990, to go on a vacation for three weeks. Claimant did not return to his employment until January 3, 1991, at which time his Employer told him that work was slow and

---

1. Section 402(b) of the Law, 43 P.S. § 802(b), provides:

   An employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act: Provided, that a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature.

he would be called as needed. The Employer never called Claimant to work part-time.

Claimant filed a claim for unemployment compensation benefits with the Office of Employment Security (OES). The request for benefits was denied on the basis of Section 402(b), as a voluntary quit without sufficient cause. On appeal, the Referee issued a decision affirming the OES, concluding that Claimant had voluntarily left his full-time position and that the Employer had only agreed to call him in to work part-time as needed, but never agreed to give him a steady part-time work schedule. Additionally, the Referee determined that the Claimant's decision to retire once he had reached the age of sixty-five did not constitute a necessitous and compelling reason for leaving his full-time employment. Claimant then appealed to the Board which issued a decision affirming the Referee.

Claimant now contends that the Board erred by finding that he voluntarily terminated his employment as of December 14, 1990, because even though he was collecting social security benefits, he did not retire from his employment. Instead, Claimant argues that he requested to continue working part-time until he earned the maximum amount allowable under his pension, and, therefore, remained able and available to work in accordance with Section 401(d) of the Law, 43 P.S. § 801(d)(1).[2] In support of his argument, Claimant cites *Sorace v. Unemployment Compensation Board of Review,* 63 Pa.Commonwealth Ct. 352, 437 A.2d 1316 (1981), and *Urista v. Unemployment Compensation Board of Review,* 56 Pa.Commonwealth Ct. 618, 425 A.2d 494 (1981), for the proposition that an employee who collects social security but requests to continue working part-time until he earns the limit allowable under his pension has not voluntarily terminated his employment, but has only limited his availability for work to employment which would not

2. Section 401(d) of the Law, 43 P.S. § 801(d)(1), provides in pertinent part that compensation will be payable to any employee who is or becomes unemployed and who is able to work and available for suitable work.

pay him greater than the amount allowable under his social security pension.

Claimant argues that by requesting to go from full-time to part-time employment, he, too, has only limited his availability to work a number of hours which would not pay him more than the $9,700 allowable under his pension. However, in both *Urista* and *Sorace,* the claimants were part-time employees prior to their requests to limit their availability to work only the number of hours which would not exceed the limit placed on them as social security recipients, and thus, did not unilaterally change the terms of their employment by requesting continuing part-time work. Here, unlike in *Urista* and *Sorace,* Claimant has unilaterally changed the terms of his employment without his Employer's approval. Claimant had been employed full-time, but was only interested in continuing to work on a part-time basis because of the restrictions placed on him regarding his social security benefits. Even though Claimant's Employer was aware of his desire to work part-time, the Employer never asked Claimant to leave his full-time employment and never promised Claimant that part-time work would be available. When the Employer's witness was questioned about his discussion with Claimant regarding the availability of part-time work, he responded:

> Part-time work in the capacity that he was in, that he's in, is not really feasible because he had an important job there.... I had left it pretty much go that if he was going to retire that he was making his mind up that he was retiring that *if I would need him at anytime in the future I would call him.* (Emphasis added.)

(Notes of Testimony at 8a.)

Although this court determined in *Urista* and *Sorace* that a claimant's self-imposed limitation on his availability for part-time work for social security purposes does not render him ineligible for unemployment compensation benefits under Section 401(d) of the Law, 43 P.S. § 801(d)(1), that determination is not applicable to employees who unilateral-

ly change the terms of their employment from full-time to part-time employment or vice-versa.

Further, this court has already decided this precise issue in *Matty v. Unemployment Compensation Board of Review*, 73 Pa.Commonwealth Ct. 311, 457 A.2d 1039 (1983). In *Matty*, a full-time employee notified his employer that he was retiring on social security and was only willing to work part-time when needed to help out the employer. After the employee unsuccessfully attempted to collect unemployment compensation benefits, he appealed to the Board which also denied him benefits. The Board determined, and this court affirmed, that because the employee had been offered continuing full-time employment but had refused the offer, the employee's voluntary action of retiring and requesting only occasional work was the cause of his unemployment and did not constitute a compelling and necessitous reason for terminating his employment.

Consequently, because Claimant voluntarily left his full-time employment so that he could collect his social security pension, and his Employer never agreed to provide him with steady part-time work, we find that Claimant voluntarily terminated his employment without a necessitous and compelling reason. Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 13th day of December, 1991, the order of the Unemployment Compensation Board of Review, dated April 10, 1991, No. B–289528, is affirmed.