# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cameron Texter,       :
      :
      Petitioner       :
      :
      v.       : No. 2005 C.D. 2015
      : Submitted: March 18, 2016
Unemployment Compensation       :
Board of Review,       :
      :
      Respondent       :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED: June 29, 2016**


Cameron Texter (Claimant), *pro se*, petitions for review of the order of the Unemployment Compensation Board of Review (Board), holding that he is ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law[1] because he voluntarily quit his job without a necessitous and compelling reason. We affirm.

Claimant was employed by Commonwealth of Pennsylvania Caucus Operations (Employer) in the Office of District Operations and Outreach of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, § 402(b), *as amended*, 43 P.S. § 802(b). Section 402(b) provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …." *Id*.

Democratic Caucus of the House of Representatives (Caucus) until March 20, 2015. (Record Item (R. Item) 14, Referee's Decision and Order, Finding of Fact (F.F.) ¶1; Hearing Ex. 9 (R. Item 3, Employer Separation Information and Employer Questionnaire attachment); R. Item 2, Internet Initial Claim.) The facts found by the referee and adopted by the Board concerning Claimant's separation from that employment are as follows:

> 1. The claimant was last employed by the Commonwealth of Pennsylvania Caucus Operations as a research specialist working full time (40 hours per week). He began working for that employer on April 3, 1990 and was earning $78,000 per year with his last day of work being March 20, 2015.
>
> 2. On June 23, 2014, the claimant submitted a letter to the director of district operations and outreach, indicating his intention to retire on April 28, 2015.
>
> 3. On October 22, 2014, the claimant was called to a meeting by the Caucus's deputy chief of staff, and reprimanded for violation of a Caucus policy in which staff are not permitted to contact candidates without the approval of the Caucus.
>
> 4. The claimant thought he had approval when he approached a candidate about leases and training issues.
>
> 5. The claimant was threatened with termination at the October 22, 2014 meeting but was told that he could remain employed for the time being until he has 25 years of service, which would happen in February 2015.
>
> 6. Because the claimant had a large amount of leave to use before retiring, the claimant did not retire until his leave was used up.
>
> 7. On March 3, 2015, the claimant sent a letter to the district operation and outreach director indicating that he would be retiring effective March 20, 2015.

8. The claimant voluntarily left his employment effective March 20, 2015.

(R. Item 14, F.F. ¶¶1-8; R. Item 20, Board Order.)

Claimant applied for unemployment compensation benefits on April 15, 2015, stating that he was discharged and basing this assertion on the October 22, 2014 disciplinary meeting. (R. Item 2, Internet Initial Claim.) Employer, in response, asserted that Claimant had retired and had not been discharged. (R. Item 3, Employer Separation Information and Employer Questionnaire.) On May 6, 2015, the Department of Labor and Industry's Office of Unemployment Compensation Benefits issued a determination that Claimant had retired from his position with Employer and was ineligible for benefits because he had voluntarily quit his employment without a necessitous and compelling reason. (R. Item 7, Notice of Determination.) Claimant appealed, and the referee conducted a hearing at which Claimant and two Employer representatives, Claimant's supervisor and the deputy chief of staff who called the October 22, 2014 disciplinary meeting, testified. (R. Item 13, Referee's Hearing Transcript (H.T.) at 1-2, 9, 27.) Both Claimant and Employer were represented by counsel. (*Id.* at 1-2.)

At the hearing, Claimant testified that, prior to October 22, 2014, he intended to retire after he reached 25 years of service in February 2015 and he had used his accrued paid leave, so that he could move to North Carolina, where his wife, whom he married in May 2014, lived. (*Id.* at 9-10.) Claimant admitted that on June 23, 2014, he sent his supervisor a notification that he intended to retire on April 28, 2015, based on the estimation that he would be allowed to use his accrued leave by that date. (*Id.* at 8-10; Hearing Ex. 32 (R. Item 12, Additional Documents Submitted for Referee Hearing).) Claimant testified that at the October 22, 2014 meeting, the deputy chief of staff told him that the Caucus had considered

3

immediately terminating his employment, and that while it was not discharging him, the Caucus wanted him to leave as soon as possible. (R. Item 13, H.T. at 11-15.) Claimant testified that he told the deputy chief of staff that he wanted to continue working until he reached his 25 years of service on February 3, 2015 and used his accrued paid time off, and that the deputy chief of staff said that Claimant could stay until February 3, 2015, but was to leave after that date. (*Id.* at 13-15.) Claimant admitted, however, that he was not forced to resign when he reached his 25 years of service, and that he was allowed to use all of his accrued leave before March 20, 2015, the date of his resignation. (*Id.* at 17-19.) Employer's witnesses both testified that Claimant told them that his wife wanted him to retire and move to North Carolina in February 2015 and that Claimant was not required to leave before his intended retirement. (*Id.* at 21-23, 25-29.)

On June 12, 2015, the referee issued a decision affirming the Office of Unemployment Compensation Benefits' determination. The referee concluded that Claimant retired for reasons that predated and were not affected by the October 22, 2014 meeting and was therefore ineligible for benefits because he had voluntarily left his job without necessitous and compelling reasons. (R. Item 14, Referee's Decision at 2-3.) Claimant appealed the referee's decision to the Board. On September 2, 2015, the Board issued an order adopting and incorporating the referee's findings and conclusions and affirming the referee's decision. (R. Item 20, Board Order.)

Claimant filed the instant petition for review appealing the Board's order to this Court.[2] Claimant argues that the Board erred in concluding that he

---

[2] Our review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether **(Footnote continued on next page…)**

4

voluntarily left his job with Employer and in holding that he lacked a necessitous and compelling reason for leaving employment.  Contrary to Claimant's assertions, the Board's decision is factually supported and legally correct on both issues.

Where there is a dispute as to whether a separation from employment is a voluntary quit or an involuntary termination of employment, it is the claimant's burden to prove that he was discharged.  *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013); *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review*, 648 A.2d 124, 126 (Pa. Cmwlth. 1994).  Whether a claimant's separation from employment was a voluntary resignation or a discharge is determined by examining the facts surrounding the termination of employment.  *Mathis*, 64 A.3d at 297; *Iaconelli v. Unemployment Compensation Board of Review*, 892 A.2d 894, 896 (Pa. Cmwlth. 2006); *Pennsylvania Liquor Control Board*, 648 A.2d at 126.  "When an employee resigns, leaves, or quits without action by the employer, the employee has voluntarily quit for purposes of unemployment benefits."  *Lee v. Unemployment Compensation Board of Review*, 33 A.3d 717, 720 (Pa. Cmwlth. 2011).  A claimant's retirement is a voluntary resignation, not a discharge, where the evidence shows that the claimant chose to retire at a particular time for his own reasons and his employer did not require him to retire or leave work prior to that time.  *Port Authority of Allegheny County v. Unemployment Compensation Board of Review*, 955 A.2d 1070, 1074 (Pa. Cmwlth. 2008) (employees discharged after executing retirement notification forms but before their retirement dates were discharged with respect to the period before their retirement dates, but after the

---

**(continued…)**
constitutional rights were violated. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 297 n.6 (Pa. Cmwlth. 2013).

5

retirement dates, they were considered to have voluntarily quit); *Senkinc v. Unemployment Compensation Board of Review*, 601 A.2d 418, 419-20 (Pa. Cmwlth. 1991) (retirement from full-time work to collect social security benefits was voluntary quit).

Here, the Board found that Claimant retired for reasons independent of Employer's disciplinary action and that his departure was a voluntary resignation. (R. Item 14, Referee's Decision at 2 & F.F. ¶¶2, 6-8; R. Item 20, Board Order.) These findings and determinations are supported by the evidence at the referee's hearing. Claimant's testimony and June 2014 letter to his supervisor established that Claimant intended to retire when he had reached his 25 years of service in February 2015 and had been able to use his accrued leave and that this intent predated any request by Employer that he resign. (R. Item 13, H.T. at 8-10; Hearing Ex. 32.) Claimant's testimony further established that he in fact retired at the time he originally planned, when he had reached his 25 years of service and had been able to use his accrued leave. (R. Item 13, H.T. at 17-19.) The only difference between Claimant's original projected retirement date of April 28, 2015 and his actual retirement date of March 30, 2015 was due to Employer allowing Claimant to use his accrued leave more quickly than Claimant had originally thought possible.[3] While Claimant also testified that he did not want to retire until May or June 2015 (*id.* at 17-18, 30-31), the Board found this testimony not

---

[3] Indeed, Claimant did not file for benefits until a date very close to his original projected retirement date of April 28, 2015. Only the period after Claimant has filed for benefits is considered in determining whether the termination of employment is a voluntary resignation or a discharge. *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 939-40 (Pa. Cmwlth. 2012) (benefits denied on ground that claimant voluntarily quit without necessitous and compelling reason where benefit claim was filed after effective date of claimant's resignation, even though employer discharged claimant after claimant gave notice of resignation).

credible. (R. Item 20, Board Order.) The Board as the ultimate fact finder is empowered to make credibility determinations and may accept or reject the testimony of any witness in whole or in part. *Oyetayo v. Unemployment Compensation Board of Review*, 110 A.3d 1117, 1121 (Pa. Cmwlth. 2015); *Doyle v. Unemployment Compensation Board of Review*, 58 A.3d 1288, 1291 n.4 (Pa. Cmwlth. 2013). There is therefore no error in the Board's determination that Claimant voluntarily quit his employment.

Because Claimant voluntarily quit his job, it was his burden to demonstrate that he had a necessitous and compelling reason for doing so. *Mathis*, 64 A.3d at 299; *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012); *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). To prove a necessitous and compelling reason for leaving employment, the claimant must not only show circumstances that produced real and substantial pressure to terminate employment and would compel a reasonable person to act in the same manner, but must also show that he acted with ordinary common sense and made reasonable efforts to preserve his employment. *Mathis*, 64 A.3d at 299-300; *Middletown Township*, 40 A.3d at 228; *Brunswick Hotel & Conference Center*, 906 A.2d at 660. There is no error in the Board's conclusion that Claimant failed to satisfy that burden.

Claimant argues that Employer's threat of discharge and changes that Employer made to his working conditions after the October 22, 2014 meeting constituted necessitous and compelling reasons for leaving his employment.[4] A

---

[4] To the extent that Claimant is also arguing in his brief that moving to North Carolina to be with his wife constitutes necessitous and compelling circumstances for leaving his employment (Petitioner's Br. at 58), that argument is waived. Claimant never contended before the referee or **(Footnote continued on next page…)**

7

serious threat of imminent loss of employment can constitute necessitous and compelling cause for leaving employment where the employer has offered an incentive for the employee to resign. *Wright-Swygert v. Unemployment Compensation Board of Review*, 16 A.3d 1204, 1207-08 (Pa. Cmwlth. 2011); *Staub v. Unemployment Compensation Board of Review*, 673 A.2d 434, 437 (Pa. Cmwlth. 1996). An employer's imposition of a substantial unilateral change in the terms of employment can also constitute a necessitous and compelling cause for terminating employment. *Middletown Township*, 40 A.3d at 228; *Brunswick Hotel & Conference Center*, 906 A.2d at 660; *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266, 1270 (Pa. Cmwlth. 2003). The flaw in Claimant's argument, however, is that the Board did not find that Claimant resigned for either of these reasons. Rather, the Board found that Claimant left his employment because he intended to retire when he reached 25 years of service and had been allowed to use all of his accrued leave and that his decision to retire at that time was not due to Employer's actions and statements concerning his job. (R. Item 14, Referee's Decision at 2 & F.F. ¶¶2, 6-8; R. Item 20, Board Order.)

Because the Board's determinations that Claimant was not discharged and that Claimant failed to show necessitous and compelling reasons for his

---

**(continued…)**
the Board that his move to be with his wife constituted necessitous and compelling circumstances for leaving his employment and argued only that Employer's conduct constituted necessitous and compelling circumstances. Issues not raised before the referee and the Board are waived and cannot constitute a basis for reversal of the Board's order. *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179, 180-81 (Pa. 1981); *Grever v. Unemployment Compensation Board of Review*, 989 A.2d 400, 402-03 (Pa. Cmwlth. 2010); *Dehus v. Unemployment Compensation Board of Review*, 545 A.2d 434, 436-37 (Pa. Cmwlth. 1988); *Merida v. Unemployment Compensation Board of Review*, 543 A.2d 593, 596 (Pa. Cmwlth. 1988), *app. dismissed*, 570 A.2d 1320 (Pa. 1990).

voluntary retirement are factually supported and legally correct, we affirm the Board's denial of benefits.

_____
JAMES GARDNER COLINS, Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | |
|---|---|
| Cameron Texter, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 2005 C.D. 2015 |
| | : |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

**O R D E R**

AND NOW, this 29th day of June, 2016, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge