JOSEPH P. BELLOTTI vs. DIRECTOR OF THE DIVISION
OF EMPLOYMENT SECURITY & another.[1]

Suffolk.  December 1, 1980. — February 13, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Employment Security*, Eligibility for benefits, Availability for work, Judicial review.

The board of review in the Division of Employment Security was warranted in finding that a claimant who restricted his availability for work so as to limit his earnings to the amount allowable under the Social Security law was not "available for work" within the meaning of G. L. c. 151A, § 24 (*b*).  [601]

CIVIL ACTION commenced in the Boston Municipal Court Department on July 25, 1979.

The case was heard by *Umana, J.*

*George J. Mahanna*, Assistant Attorney General, for the Director of the Division of Employment Security.

*Paul F. Kelly* for the plaintiff.

WILKINS, J.  The board of review in the Division of Employment Security (board) affirmed the decision of a review examiner denying employment benefits to the claimant.  Benefits were denied on two grounds.  On appeal, a judge of the Municipal Court of the City of Boston set aside the board's decision and directed the payment of unemployment compensation benefits.  He considered only the first ground on which the board relied and not the second.  This second ground was the claimant's failure to establish that he was available for work within the meaning of G. L. c. 151A, § 24 (*b*).  The claimant was restricting his availability for work so as to limit his earnings to the

---

[1] Boston Herald American.

amount "allowable by Social Security." We agree with the board's decision on this ground and need not consider, in this appeal, the other ground for the board's decision.[2]

The board found that the claimant retired from his part-time job in response to certain financial inducements from his employer. The claimant testified that he was willing to work full time or part time but only as long as he could keep his earnings generally within the range of allowable earnings under the Social Security law. He regarded the social security limit as being $4,000 and had been making $10 or $11 an hour at his previous job.

We think such a limited availability for work does not require a ruling that the claimant was "available for work" within the meaning of G. L. c. 151A, § 24 (b). We have recently said that a person might be entitled to unemployment compensation benefits where she was available to work full time but, for good cause, was available to work only during a particular shift. *Conlon* v. *Director of the Div. of Employment Security, ante* 19, 24 (1980). We have also recognized that a person laid off for a season but planning to return to work at the end of the season could be found to be available for work even if that work would not be at a permanent job. *President & Fellows of Harvard College* v. *Director of the Div. of Employment Security,* 376 Mass. 551, 555 (1978). However, the question whether a person in the position of the claimant in this case was "available for work" is, in the first instance, a question of fact for the judgment of the board. *Keough* v. *Director of the Div. of Employment Security,* 370 Mass. 1, 4 (1976). We reject the argument that, as a matter of law, a person who makes his availability for work subject to a substantial earnings limitation must be treated as "available for work" within the meaning of § 24 (b).

---

[2] This other ground dealt with the circumstances under which the employee elected to retire from his job. These circumstances were substantially the same as those involved in *White* v. *Director of the Div. of Employment Security, ante* 596 (1980), decided today.

The judgment of the Municipal Court of the City of Boston is reversed. Judgment shall be entered in that court affirming that decision of the board.

*So ordered.*