NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-430

ERIC LEGERE

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The claimant, Eric Legere, appeals from a District Court judgment affirming a determination by the Department of Unemployment Assistance (DUA) that he is ineligible for unemployment benefits pursuant to G. L. c. 151, § 24 (b).  We affirm.

Background.  The essential facts are not in dispute.  The claimant holds a bachelor's degree and has prior work experience as a teacher in a variety of subject areas.  Since 2008, he has worked exclusively in part-time positions for health reasons. Each week, he volunteers approximately twelve hours as a minister and is self-employed working approximately five hours a week as a tutor and a cleaner.

In June 2024, after being laid off for summer break from a part-time teaching position in Salem, the claimant filed for

unemployment insurance benefits.  Following a hearing on August 16, 2024, at which the claimant testified, a DUA review examiner issued a written decision concluding that Legere was ineligible for benefits because he did not meet the availability and work search requirements of G. L. c. 151A, § 24 (b).

The examiner found that the Legere "admitted to a failure on his part to apply for a single job since filing for unemployment benefits" and "had no explanation" for failing to apply to part-time jobs consistent with his work history and qualifications.  The examiner further noted that the claimant "was cagey, evasive, and vague when describing his work search activities," and therefore found his testimony not credible. The examiner concluded that "due to his scheduling restrictions and his failure to complete a single job application, the claimant [had] effectively removed himself from the workforce."

The DUA board of review (board) summarily affirmed the review examiner's decision, concluding that it was based on substantial evidence and free from any error of law.  Legere then appealed the agency's decision to the District Court pursuant to G. L. c. 151A, § 42.  In a written memorandum and order, a judge of the District Court concluded, among other things, that the DUA's decision was supported by substantial evidence and affirmed.

2

Discussion. We review the DUA's decision based on the standards set forth in G. L. c. 30A, § 14 (7). See G. L. c. 151, § 42. "The agency's decision may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Coverall N. Am., Inc. v. Commissioner of the Div. of Unemployment Assistance, 447 Mass. 852, 857 (2006).

The burden of proving eligibility for benefits rests on the claimant. Whether a claimant is capable of, available for, and actively seeking work within the meaning of G. L. c. 151A, § 24 (b), is a question of fact. See Bellotti v. Director of the Div. of Employment Sec., 382 Mass. 600, 601 (1981). The board implicitly adopted the review examiner's findings and concluded that Legere was not eligible for benefits because he was neither available nor actively seeking work. "[O]ur duty is to examine the record and to determine whether there is an evidentiary basis" for those findings. Farrar v. Director of the Div. of Employment Sec., 324 Mass. 45, 47-48 (1949). If there is, those findings must stand. Id. at 48.

The claimant first argues that the review examiner's conclusion that he was unavailable to work was not supported by substantial evidence and was based on an error of law. "[I]n order to be eligible for benefits an individual need only be

3

available for suitable employment which he has no good cause to refuse." Conlon v. Director of the Division of Employment Sec. 382 Mass. 19, 21 n.1 (1980). The Supreme Judicial Court has recognized that "in certain circumstances, 'good cause' may include personal reasons," and rejected the notion that a claimant "must be willing and able to work full time on any shift normally operated in the occupation for which [the claimant] is suited by training and experience." Id. at 23-24. See, e.g., Manias v. Director of the Div. of Employment Sec., 388 Mass. 201, 204 (1983) ("domestic responsibilities can entitle a claimant to reject certain employment situations as unacceptable and restrict . . . work availability under § 24 [b]").

Here, the review examiner expressly found that "[f]or the period beginning June 30, 2024, and thereafter, the [claimant] has not been available and prepared for full-time or part-time work due to his mental health conditions, his religious restrictions on his schedule, [and] his self-employment work." As an initial matter, with respect to his self-employment activities, Legere testified that he would have "let go" of that work if he had been offered a job. In the absence of a specific finding that this aspect of the claimant's testimony was not credible, or any evidence of such activities interfering with his willingness to accept work, the examiner's conclusion that

4

Legere's self-employment played a role in rendering him unavailable for work was not supported by substantial evidence.

It was also error for the examiner to conclude that Legere was not available for part-time work due to his mental health conditions where the mental health conditions at issue are the reasons that necessitated his limitation to part-time work in the first place. Thus, the fact that he was restricted to part-time work did not diminish his availability for such work but simply defined the scope of it.

It follows that the record only supports the conclusion of unavailability insofar as it is based on the claimant's religious activities. Testimony and documentary evidence indicate that Legere dedicated twelve hours each week -- Fridays, Saturdays, and every other Monday -- to his volunteer ministry and he participated in other religious activities on Tuesday and Thursday evenings. Whether these religious activities, standing alone, rendered him unavailable for work was a determination that must be made by the board. See Keough v. Director of the Div. of Employment Sec., 370 Mass. 1, 4 (1976) (whether claimant has so restricted employability to render themselves unavailable for work "is primarily a question of fact that has been entrusted to the informed judgment of the board").

5

We need not remand for additional findings, however, because substantial evidence supported the examiner's conclusion, adopted by the board, that Legere failed to establish that he was actively seeking suitable employment. See G. L. c. 151A, § 24 (b). With respect to his alleged efforts to search for jobs, the examiner declined to credit the claimant's testimony.[1] See Manias, 388 Mass. at 205 (credibility determinations are "for the review examiner, and not for this court" [citation omitted]). The examiner did, however, credit the claimant's admission that he had not submitted any job applications despite coming across postings for jobs for which he was qualified. When the examiner asked Legere why he had failed to submit any applications, Legere replied, "I'll be honest with you. I don't have a good reason why." Legere's failure to apply for jobs without good reason was a sufficient basis upon which to conclude that he was not making a good faith effort to find work, as required by G. L. c. 151A, § 24 (b). See Corrado v. Director of the Div. of Employment Sec., 325 Mass. 711, 713 (1950) (claimant "must act in good faith and make reasonable effort to secure employment"). Because the examiner's conclusion that the claimant failed to make a good

---

[1] The claimant has submitted additional arguments and evidence with respect to this issue that we decline to consider because they were not presented to the DUA.

6

faith effort to secure employment was supported by substantial evidence and was free from legal error, we affirm the District Court judgment affirming the DUA's determination that the claimant was ineligible for unemployment benefits.

<u>Judgment affirmed</u>.

By the Court (Walsh, Toone & Tan, JJ.[2]),

Clerk

Entered:  February 9, 2026.

---

[2] The panelists are listed in order of seniority.